In the Matter of Gina Lisa WILSON, a/k/a Second Nature Landscaping & Nursery, Inc., Wilson Company, Debtor.

Oconee State Bank, Plaintiff,

v.

Gina Lisa Wilson, a/k/a Second Nature Landscaping & Nursery, Inc., Wilson Company, Defendant.

Bankruptcy No. 01–31304–RFH.
Adversary No. 02–3005.

United States Bankruptcy Court, M.D. Georgia, Athens Division.

July 3, 2002.

John S. Noell, Jr., Athens, Georgia, for plaintiff.

Gina Lisa Wilson, Bogart, Georgia, defendant pro se.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Gina Lisa Wilson, a/k/a Second Nature Landscaping & Nursery, Inc., Wilson Company, Defendant, filed on April 17, 2002, a Motion for Hearing.[1] A hearing was held on May 16, 2002. The Court, having considered the record and the arguments presented, now publishes this memorandum opinion.

---

1. Docket No. 10. Defendant is not currently represented by counsel. The Court considered Defendant's Motion for Hearing to be a motion for reconsideration of an order that denied Defendant's discharge in bankruptcy.

Defendant owned and operated a landscaping business. Defendant purchased two tractors. Oconee State Bank, Plaintiff, financed the purchase and held liens on the tractors. Defendant had financial problems and filed a petition under Chapter 7 of the Bankruptcy Code on September 21, 2001. Defendant's petition was filed by W. Ross McConnell, an attorney who regularly practices before this Court.

The deadline for filing an objection to Defendant's discharge was December 26, 2001. The Court entered an order granting Plaintiff's motion to extend the deadline until January 31, 2002. Plaintiff's counsel requested the extension to see if he could "work things out" with Defendant's counsel. Plaintiff filed a complaint objecting to discharge on January 30, 2002. Plaintiff contends that it cannot locate its collateral, the two tractors. Plaintiff contends that Defendant transferred, removed, or concealed the tractors; that Defendant failed to keep or preserve certain records; and that Defendant made a false oath or account. Plaintiff contends that Defendant's remaining obligation on the tractors is $6,453.54 plus interest. Plaintiff served the summons and complaint on Defendant and on her attorney, Mr. McConnell. The deadline for filing a response to the complaint was March 1, 2002.[2] No response was filed.

Mr. McConnell filed on February 11, 2002, a Motion for Leave to Withdraw as Attorney of Record.[3] The motion states, in part, as follows:

1. The undersigned counsel wishes to withdraw as attorney for Debtor.

2. Debtor refuses to pay Counsel for services that must be performed.

3. Debtor refuses advice of Counsel and to cooperate in the preparation of the case.

4. Debtor has retained other Counsel.

5. The attorney for the Debtor has complied with the notice requirements of LBR 2091–1, LBR 9004–1 and LBR 9007–1. A true and correct copy of this Motion for Leave to Withdraw as Attorney of Record and a copy of the Notice of Intent to Withdraw attached hereto as Exhibit "A" was placed in the United States Mail, via certified mail on this date.

Defendant filed on February 14, 2002, an objection to the motion to withdraw. Defendant's objection provides, in part, as follows:

I am requesting denial of Mr. McConnell's Request for Dismissal.

A) He claims I have been uncooperative because I did not want [to] convert to a Chp. 13.

B) Adversarial pleadings most probably could have been avoided if he had communicated with creditors.

C) His surgery (albeit unavoidable) and leave of absence was unannounced to creditors and I.

D) His leave happened at a crucial time of proceedings, thereby causing confusion and doubt among creditors.

Thank you for considering my request.

Mr. McConnell filed on February 25, 2002, an amended motion to withdraw, which provided, in part, as follows:

1. The undersigned counsel filed his Motion for Leave to Withdraw as Attorney of Record on or about the 7th day of February, 2002.

---

**2.** The summons was issued on January 30, 2002. A response was due within thirty days after issuance of the summons. Fed. R.Bankr.P. 7012(a).

**3.** The motion to withdraw was filed in Defendant's bankruptcy case, not in this adversary proceeding.

2. At the time of the filing of Attorney's Motion, the Debtor was represented by Mr. James S. Grimes, 345 W. Hancock Street, Athens, Georgia 30601 in an Adversary Proceeding in connection with the Chapter 7 filing, but was *not* represented by other counsel in the main case.

3. To the best of his knowledge and belief, there were no hearings scheduled in the main Chapter 7 case at the time of the filing of Attorney's Motion, though additional Adversary Proceedings had been filed and hearings may have been scheduled therein.

WHEREFORE, the undersigned respectfully moves this Court to grant this Request and permit him to withdraw as counsel of record for the Debtor.

The deadline for filing a response to Plaintiff's complaint was March 1, 2002. No response was filed. Plaintiff filed on March 14, 2002, an application for entry of default judgment.

A hearing in this adversary proceeding was held on March 20, 2002.[4] At the hearing, Mr. McConnell advised the Court that he thought a response had been filed by other counsel. Mr. McConnell represented to the Court that he had talked with his client about the seriousness of a creditor filing a complaint objecting to discharge. Mr. McConnell represented that he understood Defendant was looking for other counsel and that he had heard from other counsel. Mr. McConnell further represented to the Court that he assumed that Defendant had retained other counsel and therefore filed his motion to withdraw. In fact, no response was filed, and the adversary proceeding was in default.

At the hearing, Defendant advised the Court that she was attempting to find other counsel. Defendant noted that she tried to retain Mr. McConnell to represent her in the adversary proceedings that were being filed in her bankruptcy case, but that he would not agree to represent her.

A subsequent hearing was held the next day, March 21, 2002. Mr. McConnell advised that he still wanted to withdraw as counsel for Defendant. Defendant agreed to the withdrawal and advised the Court that she did not feel that she had been represented properly by Mr. McConnell. The Court entered an order on March 22, 2002, granting Mr. McConnell's motion to withdraw as attorney of record. The Court entered an order on April 1, 2002, in this adversary proceeding denying Defendant's discharge in bankruptcy.

Defendant filed pro se this motion for a hearing on April 17, 2002.[5] A hearing was held on May 16, 2002. Mr. McConnell did not attend the hearing.

At the hearing, Defendant represented to the Court that her attorney, Mr. McConnell, had "explained very little to me from the very beginning." Defendant observed that she had given certain information[6] to Mr. McConnell in early December of 2001. Apparently, Mr. McConnell did not pass the information on to Plaintiff's counsel. Defendant observed that she wants an opportunity to give Plaintiff's counsel, John Noell, the information that he has requested. Defendant stated that

---

4. Even thought the adversary proceeding was in default, the Court convened the hearing because of the seriousness of an action seeking to deny a debtor's discharge.

5. Defendant filed on April 10, 2002, a notice of appeal of the order denying her discharge. Defendant filed on April 17, 2002, a motion to

dismiss her appeal. The Court entered an order on April 17, 2002, granting Defendant's motion to dismiss her appeal.

6. This information apparently would explain the disappearance of Plaintiff's collateral, the two tractors.

she wants "to try to work out something" with Plaintiff.

Mr. Noell, stating in his place, noted that he had telephoned Mr. McConnell prior to filing the complaint objecting to discharge. Mr. Noell told Mr. McConnell that Plaintiff was unable to locate its collateral from Defendant's testimony at her meeting of creditors. Mr. Noell told Mr. McConnell that Plaintiff would be unable to dismiss a complaint objecting to discharge if it was necessary for Plaintiff to file such a complaint.[7] Mr. Noell stated that Mr. McConnell told him to call James Grimes, attorney at law, who may be representing Defendant.[8] Mr. Noell stated that he called Mr. Grimes and explained Plaintiff's position concerning filing a complaint objecting to discharge. Mr. Noell stated that Mr. Grimes did not call him back. Mr. Noell noted that he filed the complaint objecting to discharge just prior to the deadline. Mr. Noell noted that, at some point, he learned that Mr. McConnell had moved to withdraw as counsel for Defendant. Mr. Noell stated that he told Mr. McConnell that no response had been filed in this adversary proceeding. Mr. Noell noted that he had received a number of telephone calls and facsimiles directly from Defendant, which he did not respond to because Defendant was represented by counsel. The Court notes that since Mr. McConnell was still the attorney of record for Defendant, it would have been improper for Mr. Noell to have communicated with Defendant.

7. See Fed.R.Bankr.P. 7041. Mr. Noell stated that after talking with the Assistant United States Trustee and the Chapter 7 Trustee, he understood that they would not consent to dismissal of a complaint objecting to discharge.

8. The record shows that Mr. Grimes had filed on January 29, 2002, a response for Defen-

Defendant represented to the Court that Mr. McConnell did not explain the difference between a "section 523" dischargeability action and a "section 727" objection to discharge. Defendant believed that she could satisfy Plaintiff's complaint objecting to discharge by paying the amount she owed to Plaintiff, which was $6,453.54 plus interest.

 Defendant moves the Court to reconsider its order denying her discharge in bankruptcy. Because the order is final, Defendant's motion should be considered as a motion for new trial or amendment of judgment under Bankruptcy Rule 9023 (incorporating by reference Federal Rules of Civil Procedure 59). The only grounds for granting Defendant's motion are newly-discovered evidence or manifest errors of law or fact. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A]ttorney negligence or oversight rarely warrants relief from judgment." *Id.* at 1120 n. 3.

 The Court notes that Defendant's motion for a hearing was not filed timely under Federal Rules of Civil Procedure 59(e) (motion to alter or amend judgment) because Defendant's motion was filed more than ten days after entry of the order.[9] *Florida Dept. of Revenue v. Brandt (In re Southeast Bank Corp.)*, 97 F.3d 476, 478 (11th Cir.1996) (ten-day period is jurisdictional and may not be extended by the court).

Local Bankruptcy Rule 2091–1 provides as follows:

dant in another adversary proceeding. *See New Holland Credit Co. LLC v. Wilson (In re Wilson)*, Ch. 7 Case No. 01–31304 RFH, Adv. No. 01–3053 (Bankr.M.D.Ga.).

9. The Court entered an order denying Defendant's discharge on April 1, 2002. Defendant filed her motion for a hearing on April 17, 2002.

## LBR 2091–1. ATTORNEYS—WITHDRAWALS

No attorney or law firm, having filed a petition or other pleading on behalf of a debtor or having made an appearance for a creditor in a contested matter or adversary proceeding, shall thereafter abandon the case or adversary proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by order of court obtained after giving notice pursuant to LBR 9004–1 and 9007–1.

M.D.Ga. LBR 2091–1.

In *Irwin v. Hardie (In re Hardie),*[10] the United States District Court for the Middle District of Georgia stated:

Although a court may not have the authority initially to require an attorney to handle a particular case, once an attorney has voluntarily entered an appearance in a case, his rights and obligations before the Court are altered. In his dissent in *Mallard [v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)] Justice Stevens noted, "An attorney who has entered an appearance in a case may not withdraw without leave of court because the court's interest in making sure that a litigant is adequately represented and that the orderly prosecution of the lawsuit is not disrupted is paramount to a lawyer's personal interest in terminating a relationship with a client." *Mallard,* 490 U.S. at 316, 109 S.Ct. at 1826 (Stevens, J., dissenting).

p. 4.

Simply stated, no attorney may abandon a case or withdraw as counsel for a debtor except by order of court.

In *Mekdeci v. Merrell National Laboratories, a Division of Richardson Merrell, Inc.,*[11] the plaintiffs brought a products liability action against a drug manufacturer. The jury ruled in favor of the defendant. The plaintiffs moved for a new trial, contending, in part, that their counsel's trial performance was ineffective. The plaintiffs argued that they were denied a fair trial, in violation of their due process rights, because of the alleged inadequacy of counsel. 711 F.2d at 1522. The Eleventh Circuit Court of Appeals disagreed and stated, in part:

In effect, the plaintiffs assume that they have a protected right to competent representation in their lawsuit. Simply stated, however, "there is no constitutional or statutory right to effective assistance of counsel on a civil case." The sixth amendment standards for effective counsel in criminal cases do not apply in the civil context. [F]or that reason, "[a] party ... does not have any right to a new trial in a civil suit because of inadequate counsel, but has as its remedy a suit against the attorney for malpractice."

Our conclusion in no way suggests that we condone the conduct of the plaintiffs' original attorneys. On the contrary, we agree that the present record raises disturbing questions on the propriety of the lawyers' actions. The attorneys' various antics create the impression that they may have been more concerned with bettering their position in other Bendectin cases, rather than with fulfilling their professional responsibilities to the Mekdecis, who ironically made it possible for the lawyers to obtain the other cases in the first place. Additionally, there are indications that several, if not all, of the attorneys may

10. Civ. No. 3:00–CV–95 (HL) (entered on docket Jan. 25, 2002).

11. 711 F.2d 1510 (11th Cir.1983).

have breached their contractual obligations to the plaintiffs. Consequently, we do not necessarily discount the Mekdecis' claim that they have been aggrieved by the conduct of their lawyers.

Still, their remedy does not lie in this appeal. The possible failure of the lawyers to fulfill their professional duties creates a dispute between the Mekdecis and them distinct and independent from the plaintiffs' cause of action against Merrell. Absent an erroneous ruling by the district court in its dealings with the parties, the attorneys' conduct is not a ground for reversing the judgment in the original action. Thus, the Mekdecis must seek relief by means of the remedies specifically designed to compensate the type of injury they allege. Our decision in this appeal does not eliminate their right to pursue relief in the appropriate forum.

711 F.2d at 1522–23.

The circuit court also noted that a civil litigant has a constitutional right, inherent in the concept of due process, to retain counsel. That right, however, does not encompass any assurance that the counsel retained will be effective. 711 F.2d at 1522 n. 19.

Turning to the case at bar, the Court is persuaded that Defendant's counsel failed to properly represent her. The Court is persuaded that Mr. McConnell failed to advise his client as to the serious consequences of a complaint objecting to discharge. Mr. McConnell failed to ensure that a response to Plaintiff's complaint was timely filed while he was the attorney of record. A response to Plaintiff's complaint was due on March 1, 2002. Mr. McConnell was not granted the right to withdraw until March 22, 2002. Mr. McConnell knew that his client was trying to communicate directly with Plaintiff's counsel. Mr. McConnell should have known that, while he was the attorney of record, it was improper for Plaintiff's counsel to contact Defendant. Mr. McConnell was Defendant's attorney of record on the date that a response to Plaintiff's complaint was due. Mr. McConnell did not file a response on behalf of his client, the defendant in this adversary proceeding.

The Court notes that Defendant's motion for a hearing was filed more than ten days after entry of the order denying her discharge. The Court, under the law of the Eleventh Circuit, cannot consider Defendant's motion for a hearing because the motion was not timely filed. Still, the Court has elected to write this memorandum opinion because Defendant is now pro se, and the Court is very concerned with the legal representation received by Defendant.

An order in accordance with this memorandum opinion will be entered this date.