**In re John Hamilton MATHIS, Jr., Debtor.**

**John Hamilton Mathis, Jr., Plaintiff,**

**v.**

**United States of America, Defendant.**

**Bankruptcy No. 97–35722–BKC–SHF. Adversary No. 98–3053–BKC–SHF–A.**

United States Bankruptcy Court, S.D. Florida.

April 27, 2004.

Michael R. Bakst, Elk Bankier Christu and Bakst, LLP, West Palm Beach, FL, for Debtor.

## AMENDED ORDER[1] DENYING PLAINTIFF'S MOTION FOR RE-HEARING/RECONSIDERATION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be considered upon the Plaintiff's Motion for Re-Hearing/Reconsideration filed on March 29, 2004 ("Motion for Rehearing") (C.P.71). By way of the Motion for Rehearing, the Plaintiff requests that the Court rehear and reconsider its March 19, 2004 Memorandum Opinion Determining Non–Dischargeability of Federal Tax Liability (C.P.69). Having considered the Plaintiff's Motion for Rehearing, the Court **denies** the Motion for Rehearing, as it fails to state a basis upon which relief may be granted.

■ The Plaintiff's Motion for Rehearing fails to designate the particular provision of the Federal Rules of Civil Procedure under which his Motion for Rehearing is filed. Although the Federal Rules of Civil Procedure do not specifically refer to motions for reconsideration in *haec verba*, a motion so denominated, provided that it challenges a prior judgment on its merits, will be treated either as a motion "to alter or amend" under Rule 59(e) or as a motion for "relief from judgment" under Rule 60(b); which rule applies depends on the timing of the service of the motion. *See Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167 (5th Cir. 1990) *overruled on other grounds as*

---

1. The Court's April 22, 2004 Order Denying Motion For Re-hearing/Reconsideration is hereby amended to correct scrivener's errors with regards to the following citations:

    1. *Lavespere v. Niagara Mach. & Tool Works*, 920 F.2d 259 (5th Cir.1990) *overruled on other grounds as stated in Lennar Homes, Inc. v. Masonite Corp.*, 32 F.Supp.2d 396 (E.D.La.1998), which now reads as *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167 (5th Cir.1990) *overruled on other grounds as stated in Lennar Homes, Inc. v. Masonite Corp.*, 32 F.Supp.2d 396 (E.D.La.1998).

    2. *Goodman v. Lee*, 988 F.2d 619 (5th Cir.1993), which now reads as *Goodman v. Lee*, 988 F.2d 619 (5th Cir.1993).

    3. *American Home Assurance Co. v. Glenn Estess & Associates*, 763 F.2d 1237, 1238–1239 (11th Cir.1985), which now reads as *American Home Assurance Co. v. Glenn Estess and Associates*, 763 F.2d 1237, 1238–1239 (11th Cir.1985).

    4. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983), which now reads as *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983).

    5. *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980), which now reads as *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980).

*stated in Lennar Homes, Inc. v. Masonite Corp.*, 32 F.Supp.2d 396 (E.D.La. 1998). Courts construe motions for reconsideration as motions to alter or amend judgment pursuant to Rule 59(e) if the motions are filed within ten days of the trial court's entry of judgment, and construe such motions as seeking relief from judgment pursuant to Rule 60(b) if the motions are filed more than ten days after the trial court's entry of judgment. *See Hatfield v. Board of County Commissioners*, 52 F.3d 858 (10th Cir.1995); *accord Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir.1995); *Goodman v. Lee*, 988 F.2d 619 (5th Cir. 1993). Accordingly, as the Plaintiff's Motion for Rehearing was filed within ten days of the Court's entry of it Order Determining Non–Dischargeabilty of Debt, the Motion for Rehearing will be construed as a motion to alter or amend judgment pursuant to Rule 59(e).

■ Reconsideration of an order under Rule 59(e) "is an extraordinary remedy to be employed sparingly." *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994); *accord Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority.*, 814 F.Supp. 1072, 1073 (M.D.Fla.1993). "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory...[or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *See Mincey v. Head*, 206 F.3d 1106 (11th Cir.2000) (quoting *In re Halko*, 203 B.R. 668, 671–672 (Bankr.N.D.Ill.1996)). Although Rule 59(e) does not delineate the available grounds for relief under that section, courts have generally granted relief to (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice. *Sussman*, 153 F.R.D. 689, 694; *Morris v. United States of America*, 1998 U.S. Dist. LEXIS 14046 (M.D.Fla.1998); *Firestone v. Firestone*, 76 F.3d 1205, 316 U.S.App. D.C. 152 (D.C.Cir. 1996). A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an "abuse of discretion" standard. *See American Home Assurance Co. v. Glenn Estess & Associates*, 763 F.2d 1237, 1238–1239 (11th Cir.1985); *accord McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir. 1980). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or... [makes] findings of fact that are clearly erroneous." *See Mincey*, 206 F.3d at 1137 (quoting *Hatcher v. Miller (In re Red Carpet Corp.)*, 902 F.2d 883, 890 (11th Cir.1990)).

■ *Sub judice*, Plaintiff asserts that the Court's reliance on *United States v. Fretz*, 244 F.3d 1323 (11th Cir.2001) in the Court's Memorandum Opinion Determining Non–Dischargeability of Federal Tax Liability was misplaced. The Plaintiff contends that *Fretz* can be factually distinguished from the instant case and that therefore, the Court erred in holding that it was both factually and legally bound by the *Fretz* decision. However, the Plaintiff had ample opportunity to argue the factual and legal distinctions between the instant case and *Fretz* and in fact did so in his Response to Defendant's Notice of Supplemental Authority (C.P.65), which the Court considered before issuing its opinion. Mere disagreement with the Court's determination is not sufficient grounds to alter or amend the Order Determining Non–Dischargeability pursuant to Rule 59(e). Accordingly, it is

**ORDERED** that Plaintiff's Motion for Rehearing is **denied**.