**In re Donna PARKER, Debtor.**

**Concetta D'Angelo, Plaintiff,**

**v.**

**Donna Parker, Defendant.**

**Bankruptcy No. 8:05–bk–7017–PMG.**
**Adversary No. 8:05–ap–515–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 1, 2007.

---

George L. Hayes, III, Kathie Jo Malti, Carla L. Turner-Hahn, The Hayes Law Group, P.A., St. Petersburg, FL, for Plaintiff.

B. Gray Gibbs, Janette McCurley, Law Office of B. Gray Gibbs, St. Petersburg, FL, for Defendant.

## ORDER DENYING PLAINTIFFS MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, MOTION TO AMEND OR ALTER JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for New Trial or, in the Alternative, Motion to Amend or Alter Judgment filed by the Plaintiff, Concetta D'Angelo.

The Plaintiff, Concetta D'Angelo, commenced this action by filing a Complaint to Determine Creditor Concetta D'Angelo's Claim as Exception to Discharge. On September 8, 2006, the Court entered its Findings of Fact, Conclusions of Law, and Memorandum Opinion. On the same date, the Court also entered a Final Judgment determining that the claim asserted by the Plaintiff is not excepted from the Debtor's discharge.

The Plaintiff subsequently filed the Motion for New Trial or to Amend or Alter Judgment that is currently under consideration. In the Motion, the Plaintiff asks the Court to reconsider the Final Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

### Background

In September of 1999, the Debtor entered into a contract to sell a single-family home located in St. Petersburg. Florida to the Plaintiff.

An Addendum to the Contract was subsequently prepared which required the Debtor to obtain permits for certain improvements, such as the enclosure of a garage, that had been made to the property.

The Debtor hired an engineer to assist her in obtaining the required permits. On October 20, 1999, the engineer wrote the Debtor a letter which stated in part that "the garage/family room may not be used as a sleeping room unless and until proper egress is provided."

On October 25, 1999, the Debtor submitted a Permit Application to the City of St. Petersburg. In the Application, she described the work as "enclose garage to family room."

On the same day, October 25, 1999, the City furnished the Debtor with a Permit receipt, two Permit Summaries, and a City of St Petersburg Permit. The Debtor immediately faxed the documents to the Plaintiffs realtor.

The sale closed on October 28, 1999, and the Plaintiff's family moved into the home.

More than three years later, in November of 2002, a City inspector noted in a report that the windows in the "rear bedroom," or enclosed garage, did not meet the City's Code, meaning that the enclosed garage did not qualify as a sleeping room.

The Plaintiff sued the Debtor in state court for rescission of the sale, damages for fraud in the inducement, and damages for breach of contract.

While the state court action was pending, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code, and the Plaintiff subsequently filed this dischargeability action in the bankruptcy case. In her Complaint, the Plaintiff alleged:

> Debtor obtained money in the form of payment for a piece of property through a representation that she was selling a properly permitted three bedroom two bathroom home, that was in fact a two bedroom and possibly one bath home. At the time she made the representation she knew that the third bedroom could not be used legally for sleeping quarters.

Consequently, the Plaintiff asserted that her claim against the Debtor was not dischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

An evidentiary hearing was conducted in the dischargeability action, and the parties delivered their closing arguments during further proceedings in the case.

On September 8, 2006, the Court issued its Findings of Fact, Conclusions of Law, and Memorandum Opinion. On pages 378–79 of the Opinion, the Court stated:

> For purposes of this dischargeability action, therefore, the issue is whether the Debtor made any false representations with the intent to deceive the Plaintiff *after October 20, 1999.*
>
> The Debtor's relevant conduct after October 20, 1999, fails into two general categories: (1) her completion of the Permit Application on October 25, 1999, including her presentation to the City of an Affidavit by Sattler; and (2) her delivery of a receipt for the Permit, two Permit Summaries, and a City of St. Petersburg Permit to the Plaintiff prior to closing.

(Doc. 42, p. 12)(Emphasis in original). October 20, 1999, of course, is the date on which the Debtor learned that the enclosed garage could not be used as a sleeping room because it did not provide proper egress.

After reviewing the evidence, the Court ultimately concluded that the Debtor "did not make any false representations regarding the home with the intent to deceive the Plaintiff," either in connection with her submission of the Permit Application to the City, or her delivery of the Permit documents to the Plaintiff's realtor. Consequently, the Court determined that the Plaintiffs claim should not be excepted from the Debtor's discharge under § 523(a)(2)(A). (Doc. 42, p. 18).

In her Motion for New Trial or to Amend or Alter Judgment, the Plaintiff concedes that "the issue is whether the Debtor made any false representations with the purpose and intent of deceiving Plaintiff *after* October 20, 1999." (Doc. 51, p. 4)(Emphasis in original). The Plaintiff contends, however, that the Court's conclusion that the debt is dischargeable constitutes a manifest error of law and fact, and that the Judgment should be amended to correct a clear error of law or prevent manifest injustice. (Doc. 51, pp. 2–3).

**Discussion**

The Plaintiff seeks relief from the Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 9023 of the Federal Rules of Bankruptcy Procedure.

■ According to the Plaintiff, she is entitled to relief from the Judgment in order to correct clear errors of law and fact, and to prevent manifest injustice. (Doc. 51, pp. 2–3). Rule 59 permits the reconsideration of judgments if it is established that the judgment contains manifest errors of law or fact. *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir.1999)(The "only grounds" for granting a motion under Rule 59 "are newly-discovered evidence or manifest errors of law or fact."); *In re Nofziger,* 2006 WL 1876952, at *2 (Bankr. M.D.Fla.)("Where Courts have granted relief under Rule 59(e), they have generally done so in order to: (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice."); *In re Wilson,* 282 B.R. 278, 282 (Bankr.M.D.Ga.2002).

In this case, the Plaintiff contends that the Court construed § 523(a)(2)(A) too narrowly. Specifically, the Plaintiff asserts that the term "false representations" not only means express misrepresentations by a debtor, but also includes implied misrepresentations intended to create a false impression, and fraudulent concealment of superior knowledge regarding the property. (Doc. 51, p. 4).

The Plaintiff's Motion for New trial is divided into three sections to correspond with her separate theories under § 523(a)(2)(A).

In the first section, entitled "false representation," the Plaintiff asserts that the "Debtor represented at closing that she had properly secured all required permits." (Doc. 51, p. 6). The Plaintiff contends that the representation was false because the Debtor knew that the HVAC, mechanical, and plumbing components of the home had not been inspected when the permits were issued. (Doc. 51, p. 7). The Plaintiff also contends that the representation was false because the Debtor knew that the garage enclosure could not be used as a bedroom. (Doc. 51, p. 8).

In the second section, entitled "false pretenses," the Plaintiff asserts that the Debtor "acted as if" she had properly secured all necessary approvals. According to the Plaintiff, the Debtor's actions that were designed to create a false impression include withholding the letter dated October 20, 1999, from her engineer, and withholding the Application that was submitted to the City. (Doc. 51, p. 11). The Plaintiff contends that the Debtor intended to deceive her by withholding the documents, and that the Debtor understood the significance of withholding the information. (Doc. 51, pp. 12, 13–14).

In the third section, entitled "fraudulent concealment," the Plaintiff asserts that the Debtor learned that the enclosed garage could not be used as a sleeping room on October 20, 1999, when her engineer inspected the property. The Plaintiff contends that the Debtor had an affirmative duty to disclose the information at the time that she acquired it. (Doc. 51, p. 18).

The Court finds that the Plaintiffs Motion for New Trial or to Amend or Alter Judgment should be denied.

First, the evidence does not show that the Debtor fraudulently withheld information from the Plaintiff under Florida law. The Plaintiff cites the decision of *Johnson v. Davis*, 480 So.2d 625 (Fla.1985) to support her position that the Debtor violated her affirmative duty to disclose the fact that the enclosed garage could not be used as a bedroom. In *Johnson*, the Supreme Court of Florida concluded:

> Accordingly, we hold that where the seller of a home knows of facts materially affecting the value of the property *which are not readily observable* and are not known to the buyer, the seller is under a duty to disclose them to the buyer.

*Johnson v. Davis*, 480 So.2d at 629(Emphasis supplied). The Court's holding in Johnson does not compel the conclusion that the Debtor violated a duty to disclose information to the Plaintiff.

As set forth in *Johnson*, "in order for a seller to have a duty to disclose, the material facts must not only be unknown to the buyer, but also not 'readily observable.' The supreme court did not define these words." *Nelson v. Wiggs*, 699 So.2d 258, 260 (Fla. 3d DCA 1997). The Court in *Nelson*, however, determined that the phrase means that "a buyer would be required to investigate any information furnished by the seller that a reasonable person in the buyer's position would investigate," and "take reasonable steps to ascertain the material facts relating to the property and to discover them—if, of course, they are reasonably ascertainable." *Nelson v. Wiggs*, 699 So.2d at 261–61. See also *Pressman v. Wolf.* 732 So.2d 356, 360–61 (Fla. 3d DCA 1999)(A buyer's recovery was denied where she "had the opportunity to discover all that she complained about" in her action against the sellers.)

In this case, the evidence does not show that the information regarding the enclosed garage was not readily observable by the Plaintiff. The Residential Sale and Purchase Contract provided that the Plaintiff was permitted to obtain an inspection of the home. (Plaintiffs Exhibit 3). The Plaintiff actually obtained an independent inspection of the home by a state-certified contractor of her own choosing. The Plaintiff was present when the contractor performed the inspection, and there is no evidence in the record that the inspection was impeded in any manner, or that the window in the enclosed garage was concealed from the Plaintiffs inspector. In fact, the Contractor's written report indicates that he had full access to the enclosed garage, and that he had a full opportunity to examine the room's egress. (Debtor's Exhibit 2; Doc. 42, p. 5).

Under these circumstances, the evidence does not show that the Debtor violated any affirmative duty to disclose information under Florida law.

■ Second, the evidence does not show that the Debtor made any express or implied false representations, either in the Permit Application submitted to the City, or at the closing of the sale to the Plaintiff.

To support her contention that the Debtor falsely represented that she had obtained all necessary permits, the Plaintiff relies on (1) the Permit Application, (2) the fact that the Debtor did not provide the Plaintiff with copies of the engineer's report or the Permit Application submitted to the City, and (3) the fact that the Debtor had been informed that the enclosed garage could not be used as a bedroom before she submitted the Permit Application. (Doc. 51, pp. 5, 8, 11).

The Court considered all of the evidence discussed by the Plaintiff prior to issuing its Findings of Fact, Conclusions of Law, and Memorandum Opinion. The Court reviewed the contents of the Permit Application, for example, the information that was available to the Debtor at the time that she prepared the Application, and the balance of the documentation that the Debtor furnished *to* the City. (Doc. 42, pp. 13–14). The Court also reviewed the documents delivered (and not delivered) to the Plaintiff prior to the closing, and the testimony of the Debtor, the Plaintiff, and the Plaintiff's realtor regarding the events surrounding the closing. (Doc. 42, pp. 15–18).

Based on the evidence, the Court concluded that the Debtor did not make any false representations regarding the home with the intent to deceive the Plaintiff. The conclusion applies equally to express misrepresentations by the Debtor, and also to implied misrepresentations intended to create a false impression.

Further, the Court found that "there is absolutely no evidence in the record that any of the Plaintiffs agents ever advised the Debtor that the home must have three bedrooms as a prerequisite to the sale." (Doc. 42, p. 17). Consequently, there was no showing at trial that the Debtor had a reason to conceal her characterization of the enclosed garage as a family room on the Permit Application. (Doc. 42, p. 17).

Finally, this case is clearly distinguishable from the situation in *In re Zeller*, 242 B.R. 84 (Bankr.S.D.Fla.1999), which was cited by the Plaintiff in her Motion for New Trial. In *Zeller*. the debtors, as sellers, had expressly informed the buyers that the subject house was in "good or perfect condition," despite their knowledge of "historical settling problems" on the property. *In re Zeller*, 242 B.R. at 87. Additionally, in *Zeller*, the defect was "not readily observable." but the debtors had nevertheless remained silent about the defect during three or four personal meetings with the buyers. *Id.* at 85–86. Un-

der those circumstances, the Bankruptcy Court found that the debtors' silence about the latent defect amounted to false pretenses, and that the debtors' express statements that the house was in good or perfect condition amounted to a false representation.

The facts in *Zeller*, therefore, differ materially from the facts in the case before the Court. In this case, the Debtor did not make any express false representations, as acknowledged by the Plaintiff. (Transcript, pp. 7, 12). Additionally, the Debtor in this case did not personally meet or communicate with the Plaintiff, either before or at the closing of the sale (Doc. 42, p. 16), and the evidence indicates that the information regarding the enclosed garage was fully available to the Plaintiff and her inspector before closing.

Essentially, therefore, it appears that the Court considered all of the evidence upon which the Plaintiffs Motion for New Trial is based, together with other evidence in the record, and simply arrived at a conclusion that is contrary to the Plaintiff's contentions. The Motion should be denied.

> "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." [*In re*] *Mathis*, 312 B.R. 912, 914 [(Bankr.S.D.Fla.2005)] (*citing Mincey v. Head*, 206 F.3d 1106 (11th Cir.2000))(*quoting In re Halko*, 203 B.R. 668, 671–672 (Bankr.N.D.Ill.1996))....
> "A motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had

already thought through—rightly or wrongly.'" [*In re*] *Loewen [Group Inc. Securities Litigation]*, 2006 WL 27286, *1(*citing Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa.1993))(quotations omitted). 'Mere dissatisfaction with the court's ruling is not a proper basis for reconsideration.' *Loewen*, 2006 WL 27286, *1 (citation omitted).

*In re Nofziger*, 2006 WL 1876952, at *1. In this case, the Plaintiff has not shown that the Court committed any manifest error of law or fact, or that reconsideration of the Judgment is necessary to prevent manifest injustice.

Accordingly:

**IT IS ORDERED** that the Motion for New Trial or, in the Alternative, Motion to Amend or Alter Judgment filed by the Plaintiff, Concetta D'Angelo, is denied.