**IN RE Sadat Malik Kwabena SMITH, Debtor.**

**Case No. 6:15–bk–01679–KSJ**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Signed December 11, 2015

Raymond J. Rotella, Lawrence M. Kosto, Kosto & Rotella PA, Orlando, FL, for Debtor.

## ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION

Karen S. Jennemann, United States Bankruptcy Judge

This case came on for hearing on December 3, 2015, on the Debtor's Motion for Reconsideration[1] and Debtor's Motion for Clarification[2] of this Court's prior order granting GEICO relief from the automatic stay[3] to complete litigation pending against the Debtor in the United States District Court for the Middle District of Florida (the "District Court Litigation").[4] The Court simultaneously transmitted GEICO's related adversary proceeding[5] requesting that any judgment against the Debtor entered in the District Court Litigation be found nondischargeable.[6]

In the Debtor's Motion for Reconsideration, he argues this Court " 'erred both as to the controlling legal principles and as to the material facts' "[7] and that reconsideration is proper under Rule 60(b) of the Federal Rules of Procedure.[8] Debtor insists GEICO'S adversary proceeding, which raises only one count and is not triable by a jury, "has no business being lumped in with an eleven count complaint for RICO and other charges against other parties who have allegedly defrauded GEICO."[9] GEICO opposes any reconsideration asserting the Debtor is just rearguing points already raised and that the Court did not err in lifting the stay to allow the District Court Litigation to proceed.[10]

The Court previously and again has considered carefully the parties' positions.[11] Reconsideration of an order

---

1. Doc. No. 67.

2. Doc. No. 69.

3. Doc. No. 65.

4. *GEICO v. Sadat Smith, et al.,* Case No. 12–cv–1138, Middle District of Florida, Orlando Division, filed on July 23, 2012.

5. *GEICO v. Sadat Smith,* Case No. 6:15–ap–00137, filed in this Court on October 1, 2015.

6. Doc. No. 65.

7. Doc. No. 67, ¶ 7.

8. Rule 60 is made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 9024.

9. Doc. No. 67. ¶ 11. The Debtor lists the original defendants in the District Court Litigation. *Id.* ¶ 16. The Debtor also notes that the District Court granted summary judgment against two of the defendants on the issue of liability and that GEICO has settled with all of the other defendants. *Id.* ¶¶ 3, 5.

10. Doc. No. 71.

11. Federal Rule of Procedure 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59 is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023. Bankruptcy Rule 9023, however, provides for a shorter, 14 day period to file a motion seeking reconsideration. Debtor's motion is timely under either standard.

under Rule 59(e) "is an extraordinary remedy to be employed sparingly" due to interests in finality and conservation of judicial resources.[12] "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."[13] "A motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.' "[14] "A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an 'abuse of discretion' standard."[15]

■ Where Courts have granted relief under Rule 59(e), they act to: (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice.[16] In the Eleventh Circuit, the *only* grounds for granting this motion "are newly-discovered evidence or manifest errors of law or fact."[17] Here,

there has been no change in the law, and the Debtor demonstrates no new evidence, clear error, or any manifest injustice.

Debtor instead argues that reconsideration is appropriate because I did not "fully understand" two key facts: (1) that GEICO's dischargeability adversary proceeding contained only one count for non-dischargeability under 11 U.S.C. § 523(a)(2) and should be tried first, and (2) that the Debtor is the only remaining defendant left in the District Court Litigation to be tried on the issue of liability.

■ On the argument that GEICO's adversary proceeding is limited to one count for fraud, reconsideration is not appropriate. The District Court can fully resolve both GEICO's claims against the Debtor and determine whether any resulting judgment is dischargeable. Debtors filing bankruptcy get no special guarantee that all dischargeability issues are resolved *before* the underlying liability issues are determined. This is particularly true when a debtor waits until the eve of a long scheduled trial to file a bankruptcy case. Here, the District Court had specially set a jury trial on GEICO's claims against the Debtor that was cancelled when the Debtor filed this bankruptcy case on February 27,

---

The Court will treat the Debtor's Motion for Reconsideration as a motion to alter or amend a judgment under Federal Rule of Procedure 59(e).

**12.** *Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr.S.D.Fla.2004) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994)) (internal quotation marks omitted).

**13.** *In re Mathis*, 312 B.R. at 914 (quoting *In re Halko*, 203 B.R. 668, 671–72 (Bankr. N.D.Ill.1996)) (citations omitted).

**14.** *In re The Loewen Grp. Inc. Sec. Litig.*, No. Civ. A. 98–6740, 2006 WL 27286, *1 (E.D.Pa. Jan. 5, 2006) (citing *Glendon Energy Co. v.

*Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa.1993)) (internal quotations omitted).

**15.** *In re Mathis*, 312 B.R. at 914 (citing *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir.1985) ("The decision to alter or amend judgment is committed to the sound discretion of the [trial] judge and will not be overturned on appeal absent an abuse of discretion.")).

**16.** *In re Mathis*, 312 B.R. at 914 (citations omitted).

**17.** *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir.1999) (citing *In re Inv'rs Fla. Aggressive Growth Fund Ltd.*, 168 B.R. 760, 768 (Bankr.N.D.Fla.1994)).

2015. Obviously, the parties had completed all discovery and were ready for trial. Debtor should not automatically be rewarded by shifting forums for an initial determination of dischargeability when he waited until the last minute to seek bankruptcy.

Nor is reconsideration appropriate because the Debtor is the sole remaining defendant for whom liability is undetermined. The District Court already has determined by summary judgment that the two remaining non-debtor defendants in the District Court Litigation are liable in some unspecified amount to GEICO. A jury trial is needed to determine these damages against the non-debtor defendants and to determine the Debtor's culpability. Given the District Court's history and experience with this case and its ability to more ably conduct the needed jury trial, the District Court, not the Bankruptcy Court, in these circumstances is the better forum. No error occurred. No reconsideration is justified. The stay is lifted for all purposes to allow the District Court Litigation to continue to conclusion. Accordingly, it is

**ORDERED:**

1. Debtor's Motion for Reconsideration (Doc. No. 67) is **DENIED.**