150 So. 179

## BLACKWOOD v. MARYLAND CASUALTY CO.

### 7 Div. 941.

Court of Appeals of Alabama.
Nov. 1, 1932.

Rehearing Denied Jan. 17, 1933.

Young & Longshore and Rutherford Lapsley, all of Anniston, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

RICE, Judge.

This is the second appeal in this case. The facts, necessary to an understanding of the holding we shall announce, are the same here as on the former appeal, and may be found fully stated in the opinion there written. See Blackwood v. Maryland Casualty Co., 24 Ala. App. 527, 137 So. 467.

In order for the plaintiff appellant to recover in this case, it is necessary that it be shown that Bostick, against whom she recovered judgment for the injuries she is alleged to have suffered, could himself have recovered, if he had first paid her judgment, and then have brought suit, for reimbursement, against the defendant appellee. Metropolitan Casualty Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25; George v. Employers' Liability Assur. Corp., etc., 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438. Or, as stated by appellee's counsel in their brief filed here on former appeal: "Where one is injured, under a policy indemnifying him (the one inflicting the injury) against payment of damages resulting from injury to another, and the policy gives the injured person a right of action against the insurer (as here, we interpolate), any breach on the part of insured of the terms of the policy bars recovery by the injured person." Authorities supra.

In this case there is no question but that Bostick, the assured, breached his obligation to furnish assistance, etc., to the appellee, in the defense by it of the prior suit brought against him by the plaintiff appellant in the instant case, which suit resulted in the judgment made the basis of the action here. It is not contended but that his dereliction in that regard was of a legally sufficient nature to absolve appellee here

from any liability to, or for, him, on the policy of insurance involved.

But plaintiff appellant says that appellee, even admitting Bostick's violation, as mentioned above, of the terms of the said insurance policy, by proceeding, after the knowledge of Bostick's said action, to actively, through its counsel, conduct the defense of her suit against Bostick, thereby waived its right to claim a breach of the said terms of said policy; and that it is liable thereon, in this suit, in all respects as though Bostick had complied with every requirement placed upon him.

As we view the case, in the light of all the pleadings and the evidence, the single decisive question, on this appeal, is the one indicated just next above; i. e., did, or not, appellee waive, by its action in participating in the defense of the suit of appellant against Bostick, under the circumstances mentioned, its right to claim the benefit of the unquestioned breach by Bostick of the terms of the policy?

A great deal is said in brief of appellant about the power of Bostick's attorney, in the suit against him by appellant, referred to above, to "sign an agreement waiving any substantial right of Bostick, etc." But we think all this has no application here, for these reasons: Bostick was duly served by subpœna and had filed an unqualified appearance in the case. He was, for all purposes of pleading, certainly in court. Before entering upon the trial, and immediately after it had become apparent that he had refused to co-operate, etc., in the defense of the case, and immediately upon it apparently appearing that he had forfeited his rights, and consequently any rights of appellant here, in the insurance policy, appellee entered into an agreement with counsel employed by Bostick and appearing for him in the case, by which it was expressly stipulated that appellee did not, by proceeding with the defense of the case, waive its right to claim, in the event of an adverse judgment, that Bostick had forfeited all his rights under the policy by his said action mentioned.

We see nothing inefficacious with regard to this agreement.

Whether or not counsel appearing for Bostick was duly authorized to execute said agreement—a point we need not decide—said counsel could certainly be rightfully served with "notice," on behalf of Bostick, of any matter pertaining to the said suit. Code 1923, § 9491. And all that was necessary in order for appellee to save its right to claim the benefit of the forfeiture which had admittedly been brought about by Bostick in his rights under the said policy was to notify him that it proceeded with the defense upon the understanding that it was not thereby waiving its said rights. Unless he objected, this notice and this procedure became binding upon him, and hence upon appellant. Surely, in any view, this "agreement," worded as it was, became such "notice," and the fact of its being signed by Bostick's duly employed counsel in the case was conclusive evidence of its being "served upon," or brought to the notice of, Bostick's said counsel, and hence, for the purposes of the suit, Bostick. There was no objection. And under such arrangement appellee did participate in the defense of the said suit.

We do not think appellee "waived the forfeiture." Weiss v. New Jersey Fidelity & Plate Glass Ins. Co., 131 Misc. 836, 228 N. Y. S. 314; Dennis Sheen Transfer v. Georgia Casualty Co., 163 La. 969, 970, 113 So. 165; Edgefield Mfg. Co. v. Maryland Casualty Co., 78 S. C. 73, 58 S. E. 969; Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674, 678.

We can do no better, in conclusion, than to use as our own the following language taken from the opinion by the late learned and lamented Mr. Justice Somerville, written for the Supreme Court in the case of Tedder v. Home Ins. Co., supra, to wit: "Appellant's brief invites a review of all the numerous rulings of the trial court on the pleadings [and evidence]. Such a labor would be useless, however, since under the principle of error without injury we would inevitably reach the result already announced."

And the judgment appealed from would be due to be, as it is, affirmed.

Affirmed.