**AMERICAN HOME ASSURANCE COMPANY, Plaintiff-Appellee,**

v.

**GLENN ESTESS & ASSOCIATES, INC., d/b/a Sales Consultants of Birmingham, Defendants-Appellants.**

No. 84–7116.

United States Court of Appeals, Eleventh Circuit.

June 21, 1985.

Alton B. Parker, Jr., Birmingham, Ala., for defendants-appellants.

Dominick, Fletcher, Yeilding, Wood & Lloyd, Terry McElheny, Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and THORNBERRY *, Senior Circuit Judge.

* Honorable Homer Thornberry, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

**1238**

R. LANIER ANDERSON, III, Circuit Judge:

Glenn Estess & Associates, Inc., d/b/a Sales Consultants of Birmingham ("Sales Consultants") appeals from a decision of the district court awarding summary judgment to American Home Assurance Company ("American Home"). Finding no error on the part of the district court, we affirm.

American Home issued a policy of insurance to Sales Consultants which was in effect from May 1, 1976 through May 1, 1982. The policy obligated American Home to defend Sales Consultants against all lawsuits arising under the policy and to pay all claims covered under the policy. As is generally the case, the policy required Sales Consultants to give American Home written notice of any act which might reasonably be expected to be the basis of a claim "as soon as practicable" after Sales Consultants became aware of such act. On June 12, 1981, Sales Consultants received notice of an employment discrimination charge filed with the Equal Employment Opportunity Commission by Bonnie Demaree, claiming that Sales Consultants had discriminated against Demaree because of her sex. Demaree subsequently filed suit against Sales Consultants, and Sales Consultants was served on December 2, 1981. Sales Consultants retained a private law firm to represent it in the litigation. In April of 1982, some four months after the filing of the suit, Sales Consultants notified American Home of the lawsuit and requested a defense of the action.

Upon receiving notice of the action, American Home agreed to defend the action, but American Home wished to reserve its rights to deny all liability in the case because of the late notice given by Sales Consultants. Numerous communications between American Home and Sales Consultants ensued. Sales Consultants refused to consent to American Home's proposed reservation of rights. Similarly, Sales Consultants refused to allow American Home to proceed with the defense of the action unless and until American Home waived its right to contest liability due to the late notice. American Home rejected Sales Consultants' demand and refused to waive its right to contest liability. At all relevant times, however, American Home was willing to proceed with Sales Consultants' defense under the reservation of rights.

When it became apparent that the parties could not come to a successful resolution of this issue, American Home filed this action for a declaratory judgment to determine whether Sales Consultants breached the policy by virtue of its delayed notification of the claim. Sales Consultants responded by filing a counterclaim for the expenses and attorney's fees incurred in the defense of the Demaree suit.

On appeal, Sales Consultants argues (1) that the district court should have applied New York law instead of Alabama law; and (2) that the district court erroneously interpreted Alabama law.

■■■ In the district court, both parties filed motions for summary judgment. On the motion for summary judgment, neither party claimed that foreign law was properly applicable. The district court thus applied the law of the forum and held that "Alabama law is clear: an insurer may avoid any potential liability for refusing to defend an action and the possibility of a waiver of the terms of the policy by proceeding with the defense of the claim and giving notice to the insured that it reserves its right to deny coverage." Accordingly, the district court entered summary judgment for American Home. Sales Consultants then filed a Rule 59(e) motion to amend and argued for the first time that the district court erred in applying Alabama law. Sales Consultants argued that New York law was properly applicable since the policy was a New York contract. On appeal, Sales Consultants argues that the district court's denial of its Rule 59 motion amounts to clear error. We disagree. The decision to alter or amend judgment is committed to the sound discretion.

tion of the district judge and will not be overturned on appeal absent an abuse of discretion. *Futures Trading Comm'n v. American Commodities Group,* 753 F.2d 862, 866 (11th Cir.1984); *McCarthy v. Mason,* 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud,* 619 F.2d 1081, 1098 (5th Cir.1980).[1]

In the instant case, we believe the district court was well within its discretion in denying plaintiff's motion where plaintiff raised the choice of law issue for the first time after the entry of summary judgment. It was only after Sales Consultants failed to prevail in its interpretation of Alabama law that Sales Consultants argued that New York law was properly applicable. There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant "two bites at the apple." [2]  *Cf. Union Planters National Leasing, Inc. v. Woods,* 687 F.2d 117, 121 (5th Cir.1982) (court acted within its discretion in refusing to allow litigant to amend his answer after the entry of summary judgment, when concerns of finality become more compelling); *Willens v. University of Massachusetts,* 570 F.2d 403, 406 (1st Cir.1978) (district court acted within its discretion in refusing Rule 59(e) motion to amend where plaintiff deliberately withheld material in original motion for summary judgment).

Moreover, we have reviewed Sales Consultants argument that New York law was properly applicable and conclude that "the only thing made clear by the ... briefs submitted by ... [the] parties to this dispute is that the legal questions presented are at least arguable." *Alvestad v. Mon-*

*santo Co.,* 671 F.2d 908, 913 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982). In short, any error that may have been committed is not the sort of clear and obvious error which the interests of justice demand that we correct.

Sales Consultants also argues that the district court erred in interpreting Alabama law. We disagree. In *Home Indemnity Co. v. Reed Equipment Co.,* 381 So.2d 45 (Ala.1980), the insurer, recognizing that there was a coverage issue, sought a "non-waiver agreement." The insured refused to sign. The insurer then declined to provide a defense for its insured in the underlying action (*i.e.,* in the suit by the victim against the insured), arguing that the insured's refusal to sign the "non-waiver agreement" released it from any obligation to provide a defense. After it was determined in a separate declaratory judgment action that there was in fact coverage, the Alabama Supreme Court held that the insured was entitled to recover from the insurer the attorney's fees which the insured had incurred to date in defending the underlying action. The insurer argued that it could not have proceeded to provide a defense in the underlying action, because, without the insured signing the "non-waiver agreement," the insurer would have waived its coverage issues by providing a defense. The Alabama Supreme Court rejected that argument, holding that an insurer can provide a defense without waiving its coverage issues, even when the insured refuses to consent thereto: "[O]nly notice to the insured of the insurer's reservation of its rights is required." *Id.* at 52.[3]

We recognize that *Home Indemnity Co.* does not expressly address the precise issue in this case: *i.e.,* when an

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**2.** We do not imply that a district court abuses its discretion in granting a Rule 59(e) motion to amend on grounds that are urged for the first

time in the motion to amend. Instead, we hold only that under the facts of the instant case, the district court did not abuse its discretion in refusing to amend its judgment and apply New York law.

**3.** We are satisfied that this is the holding of *Home Indemnity Co.* We reject Sales Consultants' argument that it is merely dicta.

insured not only refuses to consent to a "non-waiver agreement" but also refuses to accept the insurer's proffered defense under circumstances involving a reservation of rights, whether the insured can nevertheless recover expenses incurred by the insured in providing its own defense. While *Home Indemnity Co.* does not squarely address this issue, we conclude that the resolution of this case follows logically from the principle of law announced in *Home Indemnity Co. Home Indemnity Co.* and other Alabama cases stand for the proposition that when an insurer desires to preserve its policy defenses, and when the insurer and the insured do not agree on a "non-waiver agreement," the established procedure is for the insurer to offer a defense in the underlying action, and simultaneously give unilateral notice of its reservation of rights. *Williams v. Alabama Farm Bureau Mutual Casualty Ins. Co.*, 416 So.2d 744, 747–48 (Ala.1982) ("In general, whenever the prejudicial effects of noncooperation are at all unclear, the insurer's best course of action may be to proceed with the defense while reserving the right to deny coverage. An insurer may so proceed whether or not the insured is willing to sign a nonwaiver agreement."); *Home Indemnity Co. v. Reed Equipment Co.*, 381 So.2d 45, 52 (Ala.1980) ("only notice to the insured of the insurer's reservation of its rights is required."); *Campbell Piping Contractors, Inc. v. Hess Pipeline Co.*, 342 So.2d 766, 772 (Ala.1977) (insurer had right to reserve coverage question in construction contract indemnity provision for later consideration); *Alabama Farm Bureau Mutual Casualty Ins. Co. v. Adams*, 289 Ala. 304, 267 So.2d 151, 158 (1972) ("a nonwaiver agreement is not essential for the preservation of policy defenses and ... all that is necessary to preserve the right to such defenses is for the insurer to notify the insured that it proceeds with the defense with the understanding that it was not thereby waiving its ... rights.").[4]

American Home in this case followed the established procedure. It cannot be argued that American Home has breached the insurance contract. It has offered to do all that the contract and Alabama law requires. We think that it follows logically that American Home is not required to reimburse Sales Consultants when the latter refused to accept the defense which American Home offered.

Accordingly, the decision of the district court is

AFFIRMED.

---

**4.** The only hint that Alabama might be among those jurisdictions that require the insured's consent to a proposed reservation of rights is contained in *Blackwood v. Maryland Casualty Co.*, 25 Ala.App. 308, 150 So. 179 (Ala.App.1932). There, the Alabama Court of Appeals stated:

[A]ll that was necessary in order for appellee to save its right to claim the benefit of the forfeiture which had admittedly been brought about by Bostick in his rights under the said policy was to notify him that it proceeded with the defense upon the understanding that it was not thereby waiving its said rights. Unless he objected, this notice and this procedure became binding upon him, and hence upon appellant.

150 So. at 180. *Blackwood*, however, does not hold that a reservation of rights is ineffective in preserving the insurer's defenses where the insured objects to the proposed defense under a reservation of rights. The insured's attorney in *Blackwood* executed a reservation of rights agreement, *see Blackwood v. Maryland Casualty Co.*, 227 Ala. 343, 150 So. 180, 181 (1933) (denying petition for certiorari from Alabama Court of Appeals), and the insured in *Blackwood* voiced absolutely no objection to the defense under the reservation of rights. 150 So. at 180. Thus, any statements by the Alabama Court of Appeals in *Blackwood* as to the situation that might result where the insured does object to the proposed defense under a reservation of rights are mere dicta. As noted above, the more recent decisions of the Alabama Supreme Court make it clear that a unilateral notice of the insurer's reservation of rights is sufficient to preserve the insurer's defenses.