851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ky-Anne SPONBERG, Appellant,
v.
ELI LILLY AND CO., INC., Appellee.
 No. 87-7094.
 United States Court of Appeals, District of Columbia Circuit.
 June 8, 1988.
 
 Before ROBINSON, RUTH BADER GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and was argued before this court by counsel for the parties. Our full review of the materials presented to the district court satisfies us that disposition of the appeal does not warrant a published opinion. See D.C.Cir.R. 14(c). For the reasons well stated by the district court in its February 9, 1987 Memorandum Opinion and Order, and in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 It is
 
 3
 FURTHER ORDERED, by the Court, on its own motion, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 By order filed January 13, 1988, a motions panel of this court denied appellee's motion for summary affirmance because intelligent disposition of the appeal required careful review of several documents. We have undertaken that review and find the district court's determination unassailable on any tenable ground: viewing plaintiff-appellant's submissions in the most favorable light, no reasonable jury could find that her counsel had pointed to evidence sufficient to identify Lilly as manufacturer of the drug ingested by plaintiff's mother, Dallas Sponberg, during her pregnancy with plaintiff. Dallas Sponberg's doctor specifically prescribed "Desplex," a combination product not manufactured by Lilly, and plaintiff's entire case rested on entirely speculative, sometimes vacillating, statements by pharmacist Lindemann on what personnel at his pharmacy might lawfully have done in 1955.
 
 
 5
 After the district court granted summary judgment for defendant Lilly, Sponberg's counsel acknowledged he had failed to show disputed issues of fact sufficient to withstand summary judgment. See Memorandum in Support of Motion to Alter and Amend Judgment at 2. Counsel proffered further affidavits and additional citations in a plea for reconsideration. None of the additional material qualified as "new." All of it could have been discovered prior to disposition of the summary judgment motion. See, e.g., Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 404 (7th Cir.1986) (reconsideration motion is "improper vehicle to introduce evidence previously available or to tender new legal theories"). Nor was the additional material impressive. The further case citations were inapposite; the Tice affidavit did nothing to counter the facts that Dr. McElin prescribed Desplex and additionally prescribed other vitamin tablets; Lindemann's fifth affidavit made it plain that his fourth affidavit was not made on personal knowledge and thus could not advance plaintiff's case. In short, in rejecting counsel's endeavor to reopen the case, the district court acted securely within the bounds of its discretion. See American Home Assur. v. Glenn Estess & Assoc., 763 F.2d 1237, 1238-39 (11th Cir.1985) (ruling on motion, under Fed.R.Civ.P. 59(e), to alter or amend judgment will not be overturned on appeal absent an abuse of discretion); SEC v. Clifton, 700 F.2d 744, 746 (D.C.Cir.1983) (under Fed.R.Civ.P. 60(b), the exercise of the district judge's discretion will not be disturbed unless there has been abuse of that discretion).