**Jean Ann MAYNARD, Plaintiff(s)**

v.

**Ann M. VENEMAN, Secretary Of Agriculture, Defendant(s).**

**Civil No. 01–1290 (JAG).**

United States District Court, D. Puerto Rico.

Sept. 28, 2004.

Jorge L. Arroyo–Alejandro, Jose F. Sarraga–Venegas, San Juan, PR, for Plaintiff.

Lisa E. Bhatia–Gautier, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are plaintiff's Jean Ann Maynard, (hereinafter the "Maynard"), motion under Fed.R.Civ.P. 59 for a partial amendment of judgment, and for attorneys' fees. (Docket Nos. 95, 93.) Defendant Ann . M. Veneman has opposed plaintiff's motions. (Docket Nos. 103, 102.) For the reasons stated below, the Court denies plaintiff's motion for an amended judgment, and grants in part the motion for attorneys' fees.

## FACTUAL BACKGROUND

On March 12, 2001, plaintiff Jean Ann Maynard, brought a cause of action against the U.S. Department of Agriculture, represented by its current Secretary, Ann M. Veneman, seeking damages for alleged intentional unlawful discrimination because the employer failed to grant reasonable accommodation to Maynard as a qualified individual with a disability, and for retaliation against Ms. Maynard under the ADA (Docket No. 1).

Trial by jury began on August 25, 2003. On September 11, 2003, after a twelve-day jury trial, the jury returned a verdict that was partially in plaintiff's favor. (Docket No. 91.) The jury found in favor of plaintiff only as to harassment. On questions regarding disability discrimination, constructive discharge, retaliation (due to disability discrimination), and actions taken as pretext for intentional disability discrimination, the jury found in favor of defendant.

With respect to damages, the jury found that plaintiff suffered damages in the amount of sixty thousand dollars ($60,-000.00).

On September 18, 2003, plaintiff Maynard filed a motion requesting attorney'

fees. (Docket No. 93.) On September 29, 2003, plaintiff also filed a motion under Fed.R.Civ.P. 59 requesting a partial amendment of the judgment. (Docket No. 95.) Plaintiff is requesting that the court reverse the jury's verdict as to the finding that there was no constructive discharge, claiming that such an amendment is supported by the clear weight of the evidence and would avoid a miscarriage of justice in that regard. Defendant filed oppositions to plaintiff's requests. (Docket Nos. 103, 102.)

## DISCUSSION

I. *Motion for Partial Amendment of Judgment Pursuant to Fed.R.Civ.P. 59*

Rule 59 allows for a motion to alter or amend a judgment after its entry. Rule 59(e) does not set forth any grounds for relief and the district court has considerable discretion in reconsidering an issue. *Sussman v. Salem,* 153 F.R.D. 689, 694 (M.D.Fla.1994) (citing *American Home Assur. Co. v. Glenn Estess & Associates, Inc.,* 763 F.2d 1237, 1238–39 (11th Cir. 1985)).

■ Motions to alter or amend judgment may be made for one of three reasons: (1) intervening change in controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct clear error of law or prevent manifest injustice. *Database America Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F.Supp. 1216, 1220 (D.N.J. 1993); see also Wright, Miller & Kane, Federal Practice and Procedure, Grounds for Amendment § 2801.1 (1995).

The jury found that defendant had not constructively discharged plaintiff after consideration of all of the evidence presented during a twelve day trial. Plaintiff contends that this Court should modify the verdict only as to the finding against a constructive discharge on the following grounds: (1) that the evidence supports lack of voluntariness in the discharge, (2) that there was unrebutted evidence of plaintiff's major depression at the time of the discharge, (3) that there was no foundation to Dr. Alvarez' opinion on plaintiff's lack of disability during 1993–1997, (4) that the court denied a jury instruction regarding "Relevant Evidence" and finally (5) due to the prejudicial impact of in-court observations by the jurors as to plaintiff's current medical conditions.

■ Plaintiff's reasons for requesting an amendment to the verdict, with the exception of the jury instruction, are arguments that must be decided on the basis of credibility, and as such, are matters that are within the scope of the jury's function. The Court cannot conclude that the evidence presented at trial could have led the jury to reach but one conclusion. This is a case that hinged largely on issues of credibility, since plaintiff's principal allegation was that defendant was disabled under the meaning of the ADA and that defendant failed to provide reasonable accommodation. The jury had an opportunity to hear extensive testimony as to plaintiff's physical condition, as well as the nature and extent of the measures that were taken to accommodate plaintiff, and whether or not these measures were adequate and reasonable. The Court has carefully reviewed the evidence presented in this case, and is satisfied that the evidence does not uniformly point in one direction. In the end, however, the jury made its credibility assessments, to the detriment of plaintiff. The Court will not disturb the jury's determination in these circumstances.

In addition, this Court is not persuaded that an additional instruction with respect to "Relevant Evidence" would have altered the jury's findings in this case. The jury instructions provided detailed guidance as

to the jury's role in evaluating the evidence in this case, as well as to the details of each of the claims brought by plaintiff that had to be proven by a preponderance of the evidence. After a thorough review of plaintiff's motions, this Court finds that her arguments lack merit and finds no reason to upset the jury's verdict with respect to the finding against constructive discharge.

Therefore this Court must DENY plaintiff's motion for a partial amendment of the judgment.

## II. *Attorneys' Fees*

Plaintiff has also filed a motion for the award of attorney's fees in this matter, for a total amount of $174,325.00 in attorneys' fees and $4,000 in expert's fees. Defendant has opposed the requested fees on the grounds that plaintiff did not prevail on all claims, that plaintiff did not adequately support the requested amount nor differentiate as to which part of the hours billed were related to the claim that plaintiff prevailed on, and finally that the attorneys' hourly rate was too high and not sufficiently justified.

█ It is well settled that, in order to receive an award for attorneys' fees, a party must be a 'prevailing party' and receive some relief, even if he does not prevail on all claims. *See Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). While an award of nominal damages is sufficient under this test, " 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained' ". *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Furthermore, "where multiple claims are interrelated and a plaintiff has achieved only limited success, awarding her the entire

lodestar amount would ordinarily be excessive. *Hensley,* therefore, counsels that, while 'there is no precise rule or formula for making these determinations,' a court 'may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.' " *Andrade v. Jamestown Hous. Auth.,* 82 F.3d 1179, 1191 (1st Cir.1996)(citing *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40, (1983)). *See also Diaz–Rivera v. Rivera–Rodriguez,* 377 F.3d 119, 126 (1st Cir.2004)

█ In the case at hand, although plaintiff did prevail on the claim for harassment, she did not prevail on the claims regarding disability discrimination, constructive discharge, retaliation (due to disability discrimination), and actions taken as pretext for intentional disability discrimination. Of the five questions on which the jury had to render a verdict, plaintiff prevailed in only one. Rather than attempting to establish which hours should be eliminated, this Court will reduce the amount of attorneys' fees to twenty percent (20%) of the requested amount, which reflects the measure of plaintiff's success. Since plaintiff requested a total of $174,325.00 in attorneys' fees, this Court will grant $34,865, which is 20% of the total amount requested.

As to the expert fees requested in the amount of $4,000, the Court will grant the total sum requested.

Therefore, plaintiff's request for attorney's fees is GRANTED in part, as follows: $34,865 in attorneys' fees and $4,000 in expert's fees, for a total sum of $38,865.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's motion for a partial amendment of judgment. The Court **GRANTS** in part plaintiff's request for

attorneys' fees and expert fees, in the total amount of $38,865. (Docket Nos. 95, 93.)

IT IS SO ORDERED.