[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14930
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01127-CV-3-WKW

JERRY BAKER,

Plaintiff-Appellant,

versus

RUSSELL CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 12, 2010)

Before DUBINA, Chief Judge, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Jerry Baker, an African-American male, appeals the entry of

summary judgment as to his employer, the Russell Corporation ("Russell"), on his claims of wrongful termination based on racial discrimination and retaliation brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a), and his retaliation claims brought under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. On appeal, Baker argues that the district court erred by requiring him to prove that race and retaliation were the real reasons that he was terminated, instead of requiring him to prove that there were material facts at issue. He contends that there were genuine issues of material fact as to whether Russell's reason for terminating his employment, namely, that he falsified subordinate Anthony Thomas's time sheets, was pretextual. He asserts that, contrary to the district court's finding, Jeri Whaley Wink, and not Crystal Williams, was the decision maker. He contends that the district court erred in determining that Delanne Kelly and Haley Pitts, both white, were not comparable to him and Thomas, both African-American, given that both Pitts and Thomas were "habitually late." Baker lastly argues that Russell's failure to respond to racial graffiti in the workplace was direct evidence of discriminatory animus.

We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party. *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1161-

62 (11th Cir. 2006). Summary judgment is appropriate where the moving party demonstrates, through pleadings, interrogatories, and admissions on file, together with the affidavits, if any, "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (internal quotation marks omitted). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted). "All evidence and reasonable factual inferences therefrom must be viewed against the party seeking summary judgment." *Id.* Speculation or conjecture from a party cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004).

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

3

because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII also makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

We apply the *McDonnell Douglas* framework when analyzing claims of retaliation brought under both Title VII and § 1981. *Bryant v. Jones*, 575 F.3d 1281, 1307 (11th Cir. 2009), *cert. denied*, ___ S. Ct. ___, 78 U.S. L.W. 3375 (U.S. Feb. 22, 2010). To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in statutorily protected expression; (2) his employer subjected him to an act that would have been materially adverse to a reasonable employee or job applicant; and (3) there is some causal relation between the two events. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 61-63, 66-69, 126 S. Ct. 2405, 2411-12, 2414-15 (2006) (announcing "materially adverse" element).

To establish the causal connection required by the third prong, the plaintiff must show that: (a) the decision-makers were aware of the protected conduct; and (b) the protected activity and the adverse employment action were not wholly

4

unrelated. *McCann v. Tillman*, 526 F.3d 1370, 1376 (11th Cir. 2008) (citations omitted), *cert. denied*, 129 S. Ct. 404 (2008). Close temporal proximity may be sufficient to show that the protected activity and the adverse employment action were not wholly unrelated for a *prima facie* case. *Id.* "[T]emporal proximity alone[, however,] is insufficient to create a genuine issue of fact as to causal connection where there is unrebutted evidence that the decision maker did not have knowledge that the employee engaged in protected conduct." *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).

In order to establish a *prima facie* case of discrimination under Title VII, a plaintiff may show that: (1) he is a member of a protected class; (2) he was subjected to an adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997); *see also Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1348 n.2. (11th Cir. 2007).

When reviewing discrimination claims such as this that are supported by circumstantial evidence, we will generally employ the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). *See Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d

1223, 1228 (11th Cir. 2002).  Under this analysis, a plaintiff is initially required to establish a *prima facie* case of discrimination.  *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824.  Assuming he is able to do so, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action.  *Id.* at 802-03, 93 S. Ct. at 1824.  If the employer identifies legitimate reasons, the burden then shifts back to the plaintiff to establish that the employer's articulated reasons are merely pretexts for discrimination.  *Id.* at 804, 93 S. Ct. at 1825.

"[A] reason cannot be proved to be a 'pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993). Conclusory allegations, without more, are insufficient to show pretext.  *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996).  If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot merely recast the reason, but must "meet that reason head on and rebut it."  *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). To prove pretext, a plaintiff may rely on evidence previously submitted as part of his *prima facie* case. *Id.* at 1024-25.  A plaintiff will withstand summary judgment by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or

6

contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Jackson v. State of Alabama State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005). We do not analyze "whether employment decisions are prudent or fair. Instead our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999). Whether an employee actually engaged in the misconduct that was reported to the decision-maker is irrelevant to the issue of whether the decision maker believed that the employee had done wrong. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

Contrary to Baker's initial contention, we conclude from the record that the district court correctly applied the summary judgment standard, finding that Baker failed to demonstrate that there was a genuine issue of material fact as to whether Russell's reason for terminating him was pretextual. Moreover, Baker has failed to demonstrate that Russell's reason for terminating his employment was pretextual, given that the evidence, construed in a light most favorable to Baker, shows that Baker was terminated because Williams, as the decision maker, believed that Baker falsified Anthony Thomas's time sheets. Baker's contention that Wink, and not Williams, was the decision maker is without merit, as the record clearly shows that

7

it was Williams's decision to terminate Baker's employment. Further, Kelly and Pitts were not comparable to Baker and Thomas because, although both Pitts and Thomas were habitually late, there is no evidence that Kelly falsified Pitts's time sheets. Lastly, even if racial graffiti was present at the workplace, there is no indication that Williams knew of the graffiti or that it was in any way related to the decision making process. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) ("[R]emarks by non-decision makers or remarks unrelated to the decision making process itself are not direct evidence of discrimination"). Thus, we conclude that the district court properly granted Russell's motion for summary judgment.

Baker next argues that the district court erred by denying his motion to reconsider, alter, or amend the judgment because Thomas's sworn statement could not have been obtained prior to the court's judgment. He also contends that *McGahee v. Alabama Dep't. of Corr.*, 560 F.3d 1252 (11th Cir. 2009)*,* applies to his case to show that Wink associated Baker with Thomas because they were both African-Americans. He also contends that *Crawford v. Metro. Gov't of Nashville and Davidson County, Tenn*, __ U.S. __, 129 S. Ct. 846, 172 L. Ed. 2d 650 (2009), applies to his case because the court expanded the definition of what it means to "oppose" race discrimination.

We conclude that the district court did not abuse its discretion in denying Baker's Fed. R. Civ. P. 59(d) motion to reconsider, alter, or amend the judgment. First, the fact that Thomas was rehired by Russell, which Baker asserts as new evidence, had nothing to do with whether Baker was terminated for falsifying Thomas's time sheets. Second, both *McGahee* and *Crawford*, which Baker cites as an intervening change in the controlling law, were decided before judgment was entered against him in the district court. We have long held that we will not overturn a denial of a Rule 59 motion absent an abuse of discretion by the trial judge. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985). We have also said that the decision by a trial judge to deny a Rule 59 motion to amend a judgment is "especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990). Baker has provided no explanation for his failure to advise the trial court about these cases prior to judgment being entered against him.

For the above-stated reasons, we affirm the district court's grant of summary judgment in favor of Russell.

**AFFIRMED.**