[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10316

_____

D. C. Docket No. 4:13-cv-390-AKK

JODY BUTTRAM,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 26, 2014)

Before HULL, MARCUS and DUBINA, Circuit Judges.

PER CURIAM:

Jody Buttram appeals the district court's order affirming the denial of his

application for supplemental security income by the Commissioner of the Social

Security Administration and the district court's order denying his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  After carefully reviewing the record and the parties' briefs, we affirm.

## I.

When, as here, an administrative law judge denies a claimant's application for benefits and the Appeals Council denies the claimant's request for review, we review the ALJ's decision as the Commissioner's final decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The Commissioner's legal conclusions are reviewed de novo.  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam).  And the Commissioner's factual findings are conclusive if supported by "substantial evidence."  42 U.S.C. § 405(g).  Substantial evidence means more than a scintilla but less than a preponderance; it is enough "relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)) (internal quotation mark omitted).

We review the district court's judgment that substantial evidence exists de novo.  *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam).  During this review, we do not reweigh the evidence, decide facts anew, make credibility determinations, or substitute our judgment for the Commissioner's.  *Moore v. Barnhart*, 405 F.3d 1208, 1211, 1213 (11th Cir. 2005) (per curiam).

We review the district court's denial of a Rule 59(e) motion to alter or amend the judgment for abuse of discretion.  *Lamonica v. Safe Hurricane Shutters,*

2

*Inc.*, 711 F.3d 1299, 1317 (11th Cir. 2013).  The only grounds for relief under Rule 59(e) are the discovery of new evidence or the existence of a manifest error of law or fact.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  Rule 59(e) does not afford dissatisfied parties a chance "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  And a district court does not abuse its discretion by declining to consider an argument made for the first time in a Rule 59(e) motion.  *See Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) ("There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant 'two bites at the apple.'").

## II.

Here, the Commissioner determined that Buttram was not disabled and denied his claim.  The district court affirmed the Commissioner's denial and denied Buttram's Rule 59(e) motion.  Buttram appeals, raising three issues:

> *First*, whether the Commissioner erred by failing to evaluate his claim under Listing 9.08 (diabetes mellitus), which the SSA eliminated after the initial denial of his claim but before a final decision was made.

> *Second*, whether the Appeals Council erred by failing to articulate a rationale for denying review and by failing to show that it had adequately evaluated his newly presented evidence.

3

*Third*, whether the Commissioner's decision was supported by substantial evidence.

We discuss each issue in turn.

## A.

The first issue on appeal concerns the scope of the SSA's authority to promulgate final rules that apply to prospective- and pending-benefits claims. Buttram specifically challenges the Commissioner's conclusions regarding Listing 9.08, which the SSA removed effective June 7, 2011.  In his opening brief, Buttram rightly notes that this is an issue of first impression for our Court as well as our sister circuits.  He then devotes a substantial portion of his argument section to this issue.

But in the district court, Buttram gave this important and novel question scant attention—a few factual sentences.  Indeed, this was the sum of his initial argument:

> [Buttram] applied for benefits on 4/19/10, with an alleged onset date of 6/15/07.  The ALJ denied benefits on 11/4/11.  Between the time [he] applied for benefits and the time of the hearing, the SSA revised its criteria for evaluating endocrine disorders and eliminated a listing for diabetes. . . .  Since [he] applied for benefits on 4/19/10 he is entitled to a decision based on Listing 9.08.

(Doc. 11 at 11.)  The arguments that Buttram presents on appeal did not begin to take shape until he moved to alter or amend the district court's judgment under Rule 59(e)—a motion that the district court denied.

4

We begin by holding that the district court did not abuse its discretion by refusing to consider the arguments on the Listing 9.08 issue that were first raised in Buttram's Rule 59(e) motion. *See Am. Home Assurance*, 763 F.2d at 1239. The question then is, has Buttram preserved these arguments for appeal? We conclude from the record that he has not.

Generally, we will not consider an issue or argument not raised before the district court. *Starship Enters. of Atlanta, Inc. v. Coweta County, Ga.*, 708 F.3d 1243, 1254 (11th Cir. 2013). Nor will we consider an issue raised only in passing or in a way that eschews legal argument or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). This is true even if the passed-over issue or perfunctory argument is later presented in full. *See id.* at 683 (collecting cases declining to consider issues or arguments first raised in reply briefs). And this rule applies with equal force in social security appeals. *Crawford*, 363 F.3d at 1161.

This case illustrates the rule. Buttram's initial discussion of the Listing 9.08 issue was cursory and conclusory. He cannot cure this defect with belated arguments; instead, he must preserve for appeal each available issue or argument at every step. Having failed to do so, we decline to sanction conduct that squanders judicial resources by considering his belated arguments absent any indication that an exception to the general rule applies here. *See Access Now, Inc. v. Sw. Airlines*

5

*Co.*, 385 F.3d 1324, 1331–35 (11th Cir. 2004) (outlining the five exceptions to the general rule and discussing their nature).

## B.

The second issue on appeal concerns what the Appeals Council must articulate to adequately deny a request for review where a claimant presents evidence that was not before the ALJ. Here, again, Buttram waited to present any argument on this issue until his Rule 59(e) motion. Indeed, unlike the first issue on appeal, this issue did not even garner a passing reference in his initial memorandum to the district court. Accordingly, we conclude that the district court did not abuse its discretion by refusing to consider it in ruling on his Rule 59(e) motion. And we decline to consider this issue, which was not properly presented to the district court, in the first instance.

## C.

Buttram properly preserved the final issue on appeal: whether substantial evidence supports the Commissioner's finding that he was not disabled. Our review is highly deferential. Indeed, we must uphold the Commissioner's determination even if a preponderance of evidence supports a contrary finding so long as sufficient evidence remains for a reasonable person to reach the Commissioner's conclusion. *See Crawford*, 363 F.3d at 1158. Here, the evidence of disability that Buttram marshals at best casts doubt on the Commissioner's finding; it does not make it one that no reasonable person could draw. We thus leave the Commissioner's finding undisturbed.

6

## III.

In sum, we agree with the district court that the Commissioner's finding that Buttram was not disabled is supported by substantial evidence.  We decline to consider Buttram's arguments on the other issues on appeal because he failed to properly present them to the district court.  We thus affirm the Commissioner's decision denying Buttram's application for supplemental security income.

AFFIRMED.

HULL, Circuit Judge, concurring in part and dissenting in part:


I concur in the opinion and decision except for Part A. I respectfully dissent from Part A because, in my view, Buttram preserved his arguments concerning the availability of Listing 9.08.