[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12220
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-03203-AT

LIONEL GARCON,

Plaintiff-Appellant,

versus

UNITED MUTUAL OF OMAHA INSURANCE COMPANY,
JOHN DOES,
actually representing subsidiaries, affiliates and associates
in the State of Georgia and elsewhere,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 24, 2019)

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Lionel Garcon, proceeding *pro se*, appeals the district court's grant of judgment on the pleadings in favor of defendants, United of Omaha Life Insurance Company and Mutual of Omaha Insurance Company (collectively, "United"), its denial of his motion for reconsideration, and its denial of his motion to remand with respect to his lawsuit to recover benefits under an employee welfare benefit plan, pursuant to the Employment Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* He presents three primary arguments in this appeal. First, Garcon argues that the district court improperly denied his motion to remand because his claims were based on state law and were not preempted by ERISA. Second, Garcon argues that the district court erred in granting United's motion for judgment on the pleadings because the pleadings were not closed. Third, Garcon argues that the district court erred in denying his motion for reconsideration. We disagree with all three of his arguments and affirm.

Garcon initially brought this action in Georgia state court, alleging that United wrongfully denied his long-term disability ("LTD") and short-term disability ("STD") benefits after he suffered injuries from a chemical explosion at work. United removed the action to federal court on the basis of complete preemption under ERISA, and filed a motion for judgment on the pleadings, arguing that Garcon was not entitled to STD benefits under his plan because his injuries were covered by workers' compensation, and he was not entitled to LTD

2

benefits because he did not exhaust his administrative remedies. Garcon filed a motion to remand. The district court agreed with United and granted its motion for judgment on the pleadings and denied Garcon's motion to remand, finding that Garcon's claims were governed by ERISA. Garcon filed a motion for reconsideration, which the district court denied. Garcon appeals the district court's orders on the motions for judgment on the pleadings, remand, and reconsideration.

## I.

As an initial matter we liberally construe a *pro se* litigant's pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  This liberal construction, however, does not give courts license to act as *de facto* counsel or rewrite otherwise deficient pleadings for a *pro se* litigant.  *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

We review *de novo* denials of motions to remand and preemption determinations.  *Conn. State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1343 (11th Cir. 2009).

The well-pleaded complaint rule dictates that federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"; consequently, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption."

3

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). However, "[c]omplete preemption, also known as super preemption, is a judicially-recognized exception to the well-pleaded complaint rule." *Conn. State Dental*, 591 F.3d at 1344.

ERISA is unique in that it is "one of only a few federal statutes under which two types of preemption may arise: conflict [or "defensive"] preemption and complete preemption." *Id.* at 1343. Defensive preemption is a "substantive defense" that "arises from ERISA's express preemption provision, § 514(a), which preempts any state law claim that 'relates to' an ERISA plan." *Id.* at 1344; *see* 29 U.S.C. § 1144(a).[1] Although it is a broad defense against a state law claim that merely "relates to" an ERISA plan, defensive preemption is not a basis for removal to federal court. *Id.* at 1344.

In contrast, complete preemption is narrower than defensive preemption and "differs from defensive preemption because it is jurisdictional in nature rather than an affirmative defense," and thus is a basis for removal. *Id.* It is "derive[d] from

---

[1] ERISA § 514(a) (29 U.S.C. § 1144(a)) states in relevant part:

(a) Supersedure; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

4

ERISA's civil enforcement provision, § 502(a),[2] which has such "extraordinary" preemptive power that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.*

To determine whether Garcon's claims are completely preempted by ERISA in this case, we make two inquiries: "(1) whether the plaintiff could have brought the claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Conn. State Dental*, 591 F.3d at 1345; 29 U.S.C. § 1132(a)(1)(B); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

The first prong of the test is met if: (1) the plaintiff's claim falls within the scope of ERISA; and (2) the plaintiff has standing to sue under ERISA. *Conn. State Dental*, 591 F.3d at 1350–51. To fall within the scope of ERISA, a welfare benefits plan must be (1) a plan, fund, or program (2) [that has been] established or maintained (3) by an employer . . . (4) for the purpose of providing . . . disability . . . benefits (5) to participants or their beneficiaries." *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1269 (11th Cir. 2006) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982)) (omissions in original); 29 U.S.C. § 1002(1). "[A]ll one needs for standing under ERISA is a colorable claim for benefits, and

---

[2] ERISA § 502(a) (29 U.S.C. § 1132(a)) states that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

'[t]he possibility of direct payment is enough to establish subject matter jurisdiction.'" *Conn. State Dental*, 591 F.3d at 1353 (quoting *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700–01 (7th Cir. 1991)).[3]

The second prong of the test is satisfied if any of the plaintiff's claims arise solely under ERISA or an ERISA plan. *Id.* (finding complete preemption where "portions of [the plaintiffs'] claims arise solely under ERISA or ERISA plans and not from any independent legal duty"). If federal question jurisdiction exists over a single completely preempted claim, the district court has jurisdiction over any remaining claims joined with the preempted claim. *Id.*

The district court did not err in denying Garcon's motion to remand because Garcon's state law claims were completely preempted by ERISA. As to the first prong, his plan was established and maintained by his employer for the purpose of providing disability benefits to beneficiaries and, therefore, falls within the scope of ERISA. *See Moorman*, 464 F.3d at 1269. His claims to recover STD and LTD benefits are based solely on the denial of coverage he believes was promised under the terms of that plan, and United's potential liability derives entirely from the rights and obligations established by the plan. *See Conn. State Dental*, 591 F.3d at

---

[3] We note that "standing" in this context specifically refers to "statutory standing," beyond the constitutional requirements of Article III. As the district court pointed out, in determining whether the plaintiff has statutory standing, the question is simply whether he "has a cause of action under the statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014).

1345, 1353.  Therefore, Garcon's claim also satisfies the low threshold for statutory standing, and he could have brought this claim under § 502(a).  *See id.*; 29 U.S.C. § 1132(a)(1)(B).

With regard to the second prong, Garcon's claims are not "predicated on a legal duty that is independent of ERISA." *See Conn. State Dental*, 591 F.3d at 1353.  His claims are predicated on the benefits he alleges he is owed under the terms of the plan, and thus his claims "are therefore completely pre-empted by ERISA § 502 and removable to federal district court."  *Davila*, 542 U.S. at 214 (finding complete preemption where the plaintiffs' brought "suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA.") And because federal question jurisdiction exists over Garcon's ERISA claims, the district court has jurisdiction over other claims joined with them. *Conn. State Dental*, 591 F.3d at 1353.

## II.

The district court granted United's motion for judgment on the pleadings by reasoning that Garcon had not exhausted his remedies with respect to his LTD claims, and his STD claims were covered by worker's compensation. Garcon argues that the district court erred in granting the motion, and that he should have been afforded more time for discovery.

We review a grant of judgment on the pleadings *de novo*. *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading," and view those facts in the light most favorable to the non-moving party. *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* When deciding a motion for judgment on the pleadings, a court may consider an attached document without converting the motion into one for summary judgment if the attached document is central to plaintiff's claims and its authenticity is not challenged. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

"[P]laintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court," unless a district court excuses the exhaustion requirement due to exceptional circumstances such as an inadequate remedy or denial of meaningful access to administrative review. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006); *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1318 (11th Cir. 2000). The plaintiff must plead that he has exhausted available administrative remedies. *Byrd v. MacPapers, Inc.*, 961

F.2d 157, 161 (11th Cir. 1992) (affirming a "requirement of pleading exhaustion of remedies"). A district court's decision to apply or not apply the exhaustion of administrative remedies requirement for ERISA claims is "highly discretionary," and we will review the decision only for clear abuse of discretion. *Id.*

If we determine that a plaintiff has exhausted their administrative remedies with respect to an ERISA claim, we then "review *de novo* a district court's ruling affirming or reversing a plan administrator's ERISA benefits decision, applying the same legal standards that governed the district court's decision." *Blankenship v. Metrop. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011). Although ERISA does not explicitly establish the standard of review to be applied to a plan administrator's benefit decision, this Court has provided a multi-step framework for reviewing such a decision. *Id.* The first step instructs district courts to "(1) [a]pply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is 'wrong' (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision." *Id.* at 1355.[4] A plaintiff suing under ERISA bears the burden of proving his

---

[4] The other steps are:

> (2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds

entitlement to contractual benefits unless the insurer claims that a specific policy exclusion applies to deny the benefits, in which case the insurer generally must prove the exclusion prevents coverage. *Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998).

The district court did not err in granting judgment on the pleadings in favor of United. With respect to Garcon's claim for LTD benefits, the district court correctly noted that the LTD plan provided for a specific procedure by which Garcon could have challenged the denial of LTD benefits. Doc. 3-6 at 31–32. Among those procedures, the LTD benefits plan specifies that if a claim is denied, the claimant will receive a notice of the denial, which will include "a description of the appeal procedures." *Id.* Garcon received just such a letter notifying him of the denial of LTD benefits and including instructions on how to appeal the decision. Doc. 3-10 at 4. The complaint and exhibits provide no indication that he appealed the decision. Thus, Garcon did not exhaust his administrative remedies, and did not

---

supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

*Blankenship*, 644 F.3d at 1355.

plead that he had exhausted them, so the court did not clearly abuse its discretion in applying the exhaustion requirement to Garcon's claim. *See Bickley*, 461 F.3d at 1328; *Byrd*, 961 F.2d at 161.

In contrast, with respect to his claim for STD benefits, Garcon's complaint and exhibits show that he exhausted his administrative remedies. After he appealed the denial of his STD benefits, he received another letter which confirmed the denial and clearly stated "[a]t this time, you have exhausted all administrative rights to appeal." Doc. 3-7; Doc. 3-8 at 3. We therefore proceed to review the administrator's decision on his claim for STD benefits.

The administrator's decision to deny STD benefits was not, under the *de novo* standard, "wrong" under the plain language of the plan. As the district court noted, the express terms of the plan stated that benefits were not payable for injuries arising in the course of employment for which the policyholder is entitled to workers' compensation.[5] Because Garcon does not dispute that he was entitled to and received workers' compensation benefits, the district court did not err in affirming the decision to deny STB benefits based on the plain language of the plan. *See Blankenship*, 644 F.3d at 1355. Accordingly, there is no set of facts in

---

[5] The district court made no error by looking to the plan document without converting the motion for judgment on the pleadings to a motion for summary judgment because the document "is central to one of the claims and its authenticity is undisputed." *Horsley*, 304 F.3d at 1135.

11

support of Garcon's claims that would entitle him to relief, and the district court did not err in granting United's motion for judgment on the pleadings.

III.

Garcon also challenges the district court's denial of his motion for reconsideration, in which the court found that he had "not carried his weighty burden" of showing that his motion should be granted because there was no "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Doc. 34 at 5.

We review a district court's denial of a motion for reconsideration for abuse of discretion. *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). A motion for reconsideration is "committed to the sound discretion of the district judge." *Id.* (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)). An abuse of discretion occurs if a district court "fails to apply the proper legal standard" or "to follow proper procedures in making the determination," or if it "[makes] findings of fact that are clearly erroneous." *Id.* at 1137 n.69. An argument or legal claim that has not been fully briefed before this Court is deemed abandoned, and we will not address its merits. *Access Now*, 385 F.3d at 1330.

The only grounds for granting a motion to alter or amend a judgment under Rule 59(e) are newly discovered evidence or manifest errors of law or fact. *Arthur*

12

*v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion to alter or amend a judgment may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* It is not an abuse of discretion for the district court to deny a Rule 59(e) motion based on a new legal theory or arguments that should have been submitted prior to the initial judgment. *Mincey*, 206 F.3d at 1137 n.69.

The district court did not err in denying Garcon's motion for reconsideration because he did not present any newly discovered evidence or manifest errors of law or fact. Instead, his motion for reconsideration was an attempt to relitigate old matters, included no newly discovered evidence or identification of a manifest error of law or fact, and thus provided no basis for relief under Rule 59(e). *See Arthur*, 500 F.3d at 1343. Accordingly, the district court did not abuse its discretion.

**AFFIRMED.**

13