Katrina H. TAYLOR, Plaintiff,

v.

**FIRST NORTH AMERICAN
NATIONAL BANK,**
Defendant.

Civil Action No. 2:03cv368–T.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 17, 2004.

Christopher W. Weller, James N. Walter, Jr., Wyndall A. Ivey, Capell Howard PC, Montgomery, AL, George C. Douglas, Jr., Birmingham, AL, Jerry L. Thornton, Law Office of Jerry L. Thornton, Hayneville, AL, for Plaintiff.

Charles Nelson Gill, Richard Hamilton Gill, Copeland Franco Screws & Gill, Montgomery, AL, Sean Patrick Burke, Theodore R. Scarborough, Sidley Austin Brown & Wood, Chicago, IL, for Defendant.

### ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Katrina Taylor alleges that defendant First North American National Bank is in violation of the federal Fair Credit Billing Act (FCBA), 15 U.S.C.A. §§ 1666–1666j, as enforced by the Truth in Lending Act (TILA), 15 U.S.C.A. § 1640. On July 16, 2004, this court entered an opinion and judgment granting First North American's motion to compel arbitration and to stay these proceedings and denying Taylor's motion for a jury trial on

the issue of arbitrability. *Taylor v. First N. American Nat'l Bank,* 325 F.Supp.2d. 1304, (M.D.Ala.2004) (Thompson, J.). This matter is now before the court on Taylor's motion to alter or amend the court's judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.[1] The court will deny Taylor's motion.

## I. STANDARD OF REVIEW

 Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry. Rule 59(e) provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1238–39 (11th Cir.1985). There are four basic grounds for granting a Rule 59(e) motion, however: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. *See O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992). Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. Wright, Miller & Kane, *supra.*

## II. DISCUSSION

Taylor raises three arguments. First, she disputes the court's conclusion with respect to a number of factual issues. Second, she argues that *Randolph v. Green Tree Fin. Corp.—Alabama,* 244 F.3d 814 (11th Cir.2001), upon which this court relied, is distinguishable. Third, she argues that the court intruded on the province of the arbitrator by concluding that the arbitration agreement at issue in this case prohibits class-wide arbitration.

### 1. Factual Issues

Two paragraphs of Taylor's motion are devoted to stating her disagreement with the court's factual conclusions. In reference to the court's conclusion that she agreed to the arbitration provision in her credit card agreement, *see Taylor,* 325 F.Supp.2d. at 1311–12 Taylor writes:

"The Court's opinion incorrectly finds that the Plaintiff has not presented sufficient evidence to create a question of material fact on the issue of whether she assented to the arbitration provision in the 'Credit Card Agreement.' The Plaintiff respectfully submits that she has presented the Court with more than sufficient evidence to create a question of material fact on that issue through her Affidavit and other materials submitted in this case." [2]

Taylor also writes that:

"[T]he court incorrectly found evidence (i) that the card member agreement was mailed or delivered to plaintiff; (ii) that she was given meaningful notice that the card member agreement contained an arbitration agreement; and (iii) that the card member agreement provided a reasonable mechanism for her assent, contrary to Alabama law relative to the general formation of contracts." [3]

---

1. Rule 59 governs both motions for new trials and motions to amend or alter a judgment. *See* Fed.R.Civ.P. 59(a) & (e). Taylor captioned her motion as a "Motion for New Trial and Motion to Alter or Amend Judgment." However, because there was no trial in this matter, the court construes Taylor's motion as a motion to amend the judgment under Rule 59(e).

2. Motion for New Trial, etc. at 4.

3. *Id.* at 5.

The above quotations represent the sum total of Taylor's arguments.

As stated, a manifest error of fact or a newly discovered or previously unavailable piece of evidence can serve as the basis for granting a Rule 59(e) motion. However, such a motion will not be granted on the basis of arguments previously raised before the court. Here, Taylor does not explain why the court's decision resulted in manifest error; nor does she present any new evidence. In fact, she does not really make any argument at all; rather, she simply states her disagreement with the court's decision. Therefore, the court sees no need to revisit its opinion and judgment.

### 2. *Randolph*

In *Randolph v. Green Tree Fin. Corp.— Alabama*, 244 F.3d 814, 817–18 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit concluded that, while TILA contemplates the use of class actions, the statute does not create a right to litigate by class action. The Eleventh Circuit went on to hold that, because there is no right to pursue TILA claims through class actions, "a contractual provision to arbitrate TILA claims is enforceable even it precludes a plaintiff from utilizing class action procedures in vindicating statutory rights under TILA." *Randolph*, 244 F.3d at 819. This court relied on *Randolph* to reject Taylor's argument that it should not enforce her agreement to arbitrate because the high costs of arbitration would effectively prevent her from bringing a class-wide claim in arbitration. *Taylor*, 325 F.Supp.2d. at 1317, .

Taylor's motion to amend does not change the court's conclusion that it properly relied on *Randolph*. She argues that *Randolph* is distinguishable from her case because "[u]nlike *Randolph*, the Plaintiff in this case has submitted unrefuted evi-

dence that the high costs of proceeding individually would prevent her from vindicating rights under the [FCBA]." [4] However, the court addressed this very argument in its July 16 opinion:

> "Taylor tries to distinguish the Eleventh Circuit's decision in *Randolph* on the ground that it did not involve the claim that high fees would prevent arbitration on a classwide basis. Why this factual distinction makes a difference is not apparent, however. If an arbitration agreement that flatly prohibits classwide arbitration of claims arising under TILA is enforceable, surely an arbitration provision that may have the effect of preventing classwide arbitration is enforceable."

*Taylor*, 325 F.Supp.2d. at 1318. Accordingly, the court finds no basis here for altering or amending its judgment.

### 3. Class Action Arbitration

When, as in this case, the parties to an arbitration agreement agree to submit disputes about that agreement to arbitration, the arbitrator, and not the court, should decide whether the agreement prohibits class-wide arbitration. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 123 S.Ct. 2402, 2407, 156 L.Ed.2d 414 (2003). Taylor's last argument is that the court's July 16 opinion could be read as deciding that Taylor is prohibited by the terms of her arbitration agreement from proceeding on a class-wide basis in arbitration, and she moves that the court alter its opinion to allow the arbitrator to decide whether class-wide arbitration is permitted.

█ The court did not conclusively decide whether the arbitration agreement between Taylor and First North American prohibits class arbitration. In analyzing Taylor's claim that the costs associated with arbitration would prevent her from vindicating her rights under TILA and the

4. *Id.* at 4.

FCBA, the court worked under the assumption, favorable to Taylor's argument, that the arbitration costs would be prohibitively high. *See Taylor*, 325 F.Supp.2d. at 1317–18. In a footnote, the court wrote that, based on the rules of the arbitration forum agreed upon by Taylor and First North American, "[i]t ... appears that even if there were no filing or hearing fees, the arbitration agreement in this case would bar a class-action arbitration." *Id.* at 1317, n. 23. This statement, however, was not integral to the court's analysis and was not intended to resolve the issue of whether the arbitration agreement between Taylor and First North American bars class arbitration. Accordingly, no modification or alteration is necessary.

### III. CONCLUSION

For the above reasons, it is ORDERED that plaintiff Katrina H. Taylor's motion for new trial and alternative motion to alter or amend judgment, filed July 30, 2004 (Doc. No. 32), are denied.