IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

WILLIE B. SMITH, III, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CIVIL ACT. NO. 2:19-cv-927-ECM 
 ) (WO) 
JEFFERSON DUNN, et al., ) 
 ) 
 Defendants. ) 

 MEMORANDUM OPINION AND ORDER 

Plaintiff Willie B. Smith (“Smith”) is an Alabama death row inmate in the custody 
of the Alabama Department of Corrections (“ADOC”). Smith is scheduled for execution 
on February 11, 2021. On November 25, 2019, Smith filed a Complaint pursuant to 42 
U.S.C. § 1983 and the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101, et 
seq., asserting two causes of action against the Commissioner of the ADOC and the 
Warden of Holman Correctional Facility in their official capacities. Smith asserted that 
Alabama’s three-drug lethal injection execution protocol violated his right to be free from 
cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution, and 
that the Defendants violated his statutory rights under the ADA. (Doc. 1). The Defendants 
filed a motion to dismiss, (doc. 10), which was fully briefed by the parties, (docs. 14 & 15), 
and orally argued to the Court, (doc. 27). On December 14, 2020, the Court granted the 
Defendants’ motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismissed this case 
without prejudice due to Smith’s failure to state a claim. (Doc. 25). On the same date, the 
Court entered final judgment. (Doc. 26). 
On December 21, 2020, the Plaintiff filed a motion to vacate or amend judgment 

wherein he “asks this court to either vacate the judgment of dismissal, or amend the 
judgment to allow him time to amend the complaint.” (Doc. 28 at 1). In his concluding 
paragraph, Smith asserts, 
 [e]ven assuming, however, that Mr. Smith failed to state a 
 claim, the appropriate remedy was to dismiss with leave to 
 amend (especially where neither party briefed the basis for 
 dismissal). Mr. Smith respectfully requests, in the alternative, 
 that this Court give him leave to amend his Complaint. 

(Id. at 12). 
Notably, the first time Smith requested leave to amend his Complaint was in his 
post-judgment motion. Thereafter, the Court gave the Plaintiff an opportunity to file an 
appropriate motion, consistent with the Court’s local rules. Only then did Smith file a 
motion for leave to file an amended complaint. (Doc. 32). On January 21, 2021, Smith 
filed his motion for leave to amend and attached a copy of his proposed amended 
complaint. (Id.). The Defendants oppose Smith’s motion to vacate the judgment, (doc. 30), 
and his motion for leave to file an amended complaint, (doc. 34). 
 RULE 59(e) MOTION 
The Court turns first to the Plaintiff’s motion to vacate or amend the judgment 
pursuant to Fed. R. Civ. P. 59(e). Rule 59 does not delineate grounds for granting a motion 
to vacate or amend judgment. It is generally accepted that 
 2 
 [t]here are four basic grounds for granting a Rule 59(e) motion, 
 . . . : (1) manifest errors of law or fact upon which the judgment 
 was based; (2) newly discovered evidence or previously 
 undiscoverable evidence; (3) manifest injustice in the 
 judgment; and (4) an intervening change in the controlling law. 

Taylor v. First N. Am. Nat’l Bank, 331 F.Supp.2d 1354, 1355 (M.D. Ala. 2004) (citing 11 
CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE 
AND PROCEDURE § 2810.1 (2d 1995)); see also Thomas v. Dolgencorp, LLC, 2015 WL 
4528232, at *2 (M.D. Ala. 2015). Granting a motion to vacate or amend judgment “is 
committed to the sound discretion” of the court. Am. Home Assurance Co. v. Glenn Estess 
& Assocs., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985). 
Smith asserts, among other things, that the Court erred in dismissing his complaint 
without first giving him an opportunity to amend. (Doc. 28 at 12). However, “[a] district 
court is not required to grant a plaintiff leave to amend his complaint sua sponte when the 
plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave 
to amend before the district court.” Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 
541, 542 (11th Cir. 2002) (en banc). Smith is represented by counsel, and at no point prior 
to entry of final judgment did Smith move for leave to amend the complaint. Thus, his 
assertion that the Court was somehow obligated to sua sponte grant him leave to amend 
the complaint, absent his request therefor, is not consistent with the law of this Circuit. 

Moreover, the first time Smith requested leave to amend his complaint, he did so in 
a post-judgment motion without providing the proposed amendment or describing the 

 3 
substance of his proposed amendment. (See Doc. 31). As such, he failed to properly raise 
the request. 
 “Where a request for leave to file an amended complaint 
 simply is imbedded within an opposition memorandum, the 
 issue has not been raised properly.” Posner v. Essex Ins. Co., 
 178 F.3d 1209, 1222 (11th Cir. 1999). The [plaintiffs] also 
 failed to comply with Federal Rule of Civil Procedure 7(b) 
 when they failed to attach a copy of their proposed amendment 
 or to describe the substance of their proposed amendment. 

Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009). See also Newton v. Duke Energy 
Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018); Cita Trust Co. AG v. Fifth Third Bank, 
897 F.3d 1151, 1157 (11th Cir. 2018); M.D. Ala. LR 15.1 (specifying that “[a] party who 
moves to amend a pleading . . . shall attach the original of the amendment to the motion”). 
Smith offers no explanation as to why his proposed amended complaint could not 
have been filed as his initial complaint in 2019. Nor does Smith explain why he waited 
until after judgment had been entered against him to seek leave to amend the complaint. 
He had many opportunities to do so. He could have filed a motion for leave to amend the 
complaint after the Defendants filed their motion to dismiss in January 2020; or after the 
motion to dismiss was fully briefed in March 2020; or between the briefing on the motion 
to dismiss and the December 1, 2020 notice of execution; or during oral argument on the 
motion to dismiss on December 11, 2020; or prior to entry of judgment on December 14, 
2020. Instead, Smith waited until after the Court had entered final judgment to seek leave 
to amend, and, even then, his request did not describe the substance of any proposed 
amendment. Smith only filed an appropriate motion after being invited by the Court to do 
 4 
so—post-judgment. Despite Smith’s protestation that the Court should not have entered 
final judgment but, instead, should have dismissed with leave to amend, the Court was not 
required to sua sponte grant such relief, and Smith is not entitled to relief on this basis. 

The Court is under no obligation to vacate its judgment in order to provide Smith 
relief he did not request pre-judgment. However, it is within the Court’s considerable 
discretion to vacate its judgment in order to avoid a possible manifest injustice to Willie B. 
Smith. Accordingly, in the interests of justice, the Court will grant the motion and hereby 
VACATES the final judgment, (doc. 26), entered on December 14, 2020. 

 MOTION TO AMEND PURSUANT TO RULE 15(a) 
The Court now turns to Smith’s motion for leave to amend. Because the Court has 
vacated the judgment under Rule 59(e), the appropriate standard to evaluate the Plaintiff’s 
motion for leave to amend the complaint is under Rule 15(a) of the Federal Rules of Civil 
Procedure. United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361 n.22 (11th Cir. 

2006); see also Czeremcha v. Int’l Ass’n of Machinists & Aerospace Workers, AFL-CIO, 
724 F.2d 1552, 1556 (11th Cir. 1984). 
The Court “should freely give leave” to amend “when justice so requires.” Fed. R. 
Civ. P. 15(a). The Court can deny a motion to amend when (1) the proposed amendment 
would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on 

the part of the moving party; or (3) the amendment would be futile. See id.; see also Foman 
v. Davis, 371 U.S. 178, 182 (1962). The Defendants assert that the motion to amend is due 
to be denied as futile and because they would suffer undue prejudice. A proposed amended 
 5 
complaint is futile if the amended pleading could not withstand a motion to dismiss. 
Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999). The Court cannot 
say at this juncture that Smith’s proposed amended complaint could not survive a motion 

to dismiss. To survive a motion to dismiss, a complaint need not contain “detailed factual 
allegations,” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but it must plead 
“enough facts to state a claim to relief that is plausible on its face.” Ashcroft v. Iqbal, 556 
U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A complaint states a facially 
plausible claim for relief “when the plaintiff pleads factual content that allows the court to 

draw a reasonable inference that the defendant is liable for the misconduct alleged.” Iqbal, 
556 U.S. at 678. “The plausibility standard is not akin to a “probability requirement,” but 
it asks for more than a sheer possibility that a defendant has acted unlawfully.” Id. In fact, 
“a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of 
those facts is improbable.” Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1350 

(11th Cir. 2018) (quoting Twombly, 550 U.S. at 556). “The issue is not whether a plaintiff 
will ultimately prevail but whether the claimant is entitled to offer evidence to support the 
claims.” Taylor By & Through Walker v. Ledbetter, 818 F.2d 791, 794 n.4 (11th Cir. 1987); 
Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). 
The Court has reviewed Smith’s proposed amended complaint, which more fully 

states the factual bases for his causes of actions. “If a proposed amendment is 
not clearly futile, then denial of leave to amend is improper.” 6 CHARLES ALAN WRIGHT 
& ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d. 2020). Even if 
 6 
this Court were to find that actual proof of the facts alleged is improbable, the Court is not 
prepared to say, at this point in the litigation, that the proposed amendment is clearly futile 
for the purposes of Rule 15. 

The Defendants claim that an amendment would unduly prejudice them, noting that 
the Plaintiff is due to be executed on February 11, 2021. However, “[u]nless there is a 
substantial reason to deny leave to amend, the discretion of the district court is not broad 
enough to permit denial.” Burger King, 169 F.3d at 1319. The Court concludes that the 
prejudice to the Defendants is not sufficiently substantial to deny the amendment under the 

liberal Rule 15 standard. 
The Court is aware of the uncertain future of this litigation given the impeding 
execution date. However, this Court’s rulings are governed by discrete legal standards, not 
speculation about what the future may hold. Ultimate futility is not a sufficient basis to 
deny a motion to amend under Rule 15. 

 CONCLUSION 
For the reasons as stated, it is 
ORDERED as follows: 
1. the Plaintiff’s Motion to Vacate (doc. 28) is GRANTED; 
2. the Court's Final Judgment (doc. 26) entered on December 14, 2020 is 

VACATED; and 
3. the Plaintiff’s motion for leave to file an amended complaint (doc. 32) is 
GRANTED. 
 7 
4. The Plaintiff shall file the amended complaint that was attached to his motion 
for leave to amend in accordance with this order on or before February 5, 2021. 
Done this 29th day of January, 2021. 

 /s/Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE 

 8